Shiva Shirazi Davoudian, Bar No. 232711
sdavoudian@littler.com
LITTLER MENDELSON P.C.
2049 Century Park East, 5th Floor
Los Angeles, California 90067.3107
Telephone:    310.553.0308
Fax No.:       800.715.1330

James Payer, Bar No. 292158
jpayer@littler.com
LITTLER MENDELSON, P.C.
633 West 5th Street, 63rd Floor
Los Angeles, California 90071
Telephone:    213.443.4300
Fax No.:       213.443.4299

Attorneys for Defendants
THE J. M. SMUCKER COMPANY; SMUCKER
FOODSERVICE, INC.; SMUCKER FRUIT
PROCESSING CO.; SMUCKER FRUIT PROCESSING
COMPANY; SMUCKER RETAIL FOODS, INC.; AND
SMUCKER SALES AND DISTRIBUTION
COMPANY, LLC (erroneously sued as "Smucker Sales
And Distribution Company")

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ARELLANO, individually, and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>    v.<br><br>THE J. M. SMUCKER COMPANY, a corporation; SMUCKER NATURAL FOODS, INC., a corporation; SMUCKER NATURAL FOOD, LLC, a limited liability company; SMUCKER FOODSERVICE, INC., a corporation SMUCKER FRUIT PROCESSING CO., a corporation; SMUCKER RETAIL FOODS, INC., a corporation; SMUCKER SALES AND DISTRIBUTION COMPANY, a corporation, FIDELITY INVESTMENTS INSTITUTIONAL OPERATIONS COMPANY LLC, a limited liability company; FIDELITY INVESTMENTS INSTITUTIONAL OPERATIONS COMPANY, INC. a corporation; SMUCKER FRUIT PROCESSING COMPANY, a corporation; TRUROOTS, LLC, a limited liability company; and DOES 1 through 10, inclusive,<br><br>        Defendants. | Case No.<br><br>**DEFENDANTS THE J. M. SMUCKER COMPANY'S; SMUCKER FOODSERVICE, INC.'S, SMUCKER FRUIT PROCESSING CO.'S, SMUCKER FRUIT PROCESSING COMPANY'S; SMUCKER RETAIL FOODS, INC.'S, AND SMUCKER SALES AND DISTRIBUTION COMPANY, LLC'S NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION**<br><br>Complaint Filed:<br>Butte Superior Court<br>April 27, 2023 |

LITTLER
MENDELSON P.C.
2049 Century Park
East
5th Floor
Los Angeles, CA
90067.3107
310.553.0308

# TABLE OF CONTENTS

PAGE

I.    STATEMENT OF JURISDICTION ................................................................. 1

II.   VENUE ......................................................................................................... 1

III.  PLEADINGS, PROCESS, AND ORDERS ................................................... 1

IV.   TIMELINESS OF REMOVAL ..................................................................... 4

V.    NOTICE OF REMOVAL TO ADVERSE PARTY AND STATE
      COURT ......................................................................................................... 5

VI.   CAFA JURISDICTION ................................................................................ 5

      A.    Plaintiff Filed a Class Action Under State Law .............................. 5

      B.    The Proposed Class Contains At Least 100 Members ...................... 5

      C.    Defendants Are Not Governmental Entities ..................................... 6

      D.    There Is Diversity Between At Least One Class Member and
            Defendants ........................................................................................ 6

            1.    Plaintiff is a Citizen of California ........................................ 6

            2.    The Smucker Defendants Are Not Citizens of California ...... 7

            3.    TruRoots Is Not A Citizen of California ............................. 10

      E.    The Amount in Controversy Exceeds $5,000,000 ......................... 11

            1.    Amount In Controversy – Plaintiff's Minimum Wage Claim ...... 14

            2.    Amount In Controversy – Plaintiff's Overtime Claim ................ 16

            3.    Amount In Controversy – Plaintiff's Meal Period Claim. .......... 17

            4.    Amount In Controversy – Plaintiff's Rest Break Claim. ............ 18

            5.    Amount In Controversy – Plaintiff's Waiting Time Penalty
                  Claim. .................................................................................. 19

            6.    Amount In Controversy – Plaintiff's Claim for Inaccurate
                  Wage Statements ................................................................. 20

            7.    Amount In Controversy – Failure to Timely Pay Earned
                  Wages During Employment ................................................. 21

            8.    Amount In Controversy – Plaintiff's Claim for Attorneys'
                  Fees. .................................................................................... 21

            9.    Amount In Controversy – Plaintiff's Claim for Injunctive
                  Relief ................................................................................... 22

VII.  SUMMARY ............................................................................................... 23

LITTLER
MENDELSON P.C.
2049 Century Park
East
5th Floor
Los Angeles, CA
90067.3107
310.553.0308

i

NOTICE OF REMOVAL OF CIVIL ACTION
TO FEDERAL COURT

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Abrego v. Dow Chem. Co.*,
    443 F.3d 676 (9th Cir. 2006) ........................................................................8, 11

*Amaral v. Cintas Corp. No. 2*,
    163 Cal. App. 4th 1157 (2008) ..............................................................................22

*Anderson v. Starbucks Corp.*,
    2020 WL 7779015 (N.D. Cal. Dec. 31, 2020) .................................................15

*Arias v. Residence Inn by Marriott*,
    936 F.3d 920 (9th Cir. 2019) ...........................................................................11, 12

*Avila v. Rue 21, Inc.*,
    432 F. Supp. 3d 1175 (E.D. Cal. 2020) ............................................................18

*Cabrera v. S. Valley Almond Co., LLC*,
    No. 121CV00748AWIJLT, 2021 WL 5937585 (E.D. Cal. Dec. 16,
    2021) .................................................................................................................17

*Chavez v. JPMorgan Chase & Co.*,
    888 F.3d 413 (9th Cir. 2018) ...........................................................................21

*Cortez v. Purolater Air Filtration Products Co.*,
    23 Cal. 4th 163 (2000) ......................................................................................14

*Dart Cherokee Basin Operating Co., LLC v. Owens*,
    135 S. Ct. 547 (2014) ........................................................................................12

*Davis v. HSBC Bank Nev., N.A.*,
    557 F.3d 1026 (9th Cir.2009) ...........................................................................8

*Doe v. Trinity Health Corp.*,
    No. 121CV00994JLTEPG, 2022 WL 884977 (E.D. Cal. Mar. 25,
    2022) .................................................................................................................12

*In re Ford Motor Co./Citibank*,
    264 F.3d 952 (9th Cir. 2011), cert granted in part, 534 U.S. 1126, 123
    S.Ct. 1063, 151 L.Ed.2d 966 (2002) .................................................................22

LITTLER
MENDELSON P.C.
2049 Century Park
East
5th Floor
Los Angeles, CA
90067.3107
310.553.0308

NOTICE OF REMOVAL OF CIVIL ACTION
TO FEDERAL COURT

*Fritsch v. Swift Transp. Co. of Ariz. LLC,*
  899 F.3d 785 (9th Cir. 2018) ............................................................................21

*Galt G/S v. JSS Scandinavia,*
  142 F.3d 1150 (9th Cir. 1998) ..........................................................................21

*Garza v. Brinderson Constructors, Inc.,*
  No. 15-cv-02661-RMW, 2016 WL 1298390 (N.D. Cal. Apr. 4, 2016)............19

*Hertz Corp. v. Friend,*
  559 U.S. 77 (2010)..................................................................................8, 9, 10

*Ibarra v. Manheim Inv., Inc.*
  775 F.3d 1193 (9th Cir. 2015) ..........................................................................12

*Jack v. Ring LLC,*
  553 F.Supp.3d 711 (N.D. Cal. 2021)...................................................................8

*Kanter v. Warner-Lambert Co.,*
  265 F.3d 853 (9th Cir. 2001) ..........................................................................6, 7

*Kantor v. Wellesley Galleries, Ltd.,*
  704 F.2d 1088 (9th Cir. 1983) ............................................................................6

*Kincaid v. Educ. Credit Mgmt. Corp.,*
  No. 221CV00863TLNJDP, 2022 WL 597158 (E.D. Cal. Feb. 28,
  2022) ..................................................................................................................18

*Kroske v. U.S. Bank Corp.,*
  432 F.3d 976 (9th Cir. 2005), *cert. denied,* 549 U.S. 822 (2006) .....................21

*LaCross v. Knight Transp. Inc.,*
  775 F.3d 1200 ....................................................................................................13

*Lew v. Moss,*
  797 F.2d 747 (9th Cir. 1986) ..............................................................................7

*Lewis v. Verizon Communs., Inc.,*
  627 F.3d 395 (9th Cir. 2010) ............................................................................11

*Lo v. Oxnard Euro. Motors, LLC,*
  2012 WL 1932283 (S.D. Cal. May 29, 2012) ...................................................22

LITTLER MENDELSON
P.C.
2049 Century Park East
5th Floor

iii

*Luckett v. Delta Airlines, Inc.*,
   171 F.3d 295 (5th Cir. 1999) ...................................................................13

*McGuigan v. City of San Diego*,
   183 Cal. App. 4th 610 (2010) ..................................................................22

*Pagel v. Dairy Farmers of Am., Inc.*,
   986 F. Supp. 2d 1151 (C.D. Cal. 2013) ...................................................22

*Paul, Johnson, Alston & Hunt v. Graulty*,
   886 F.2d 268 (9th Cir. 1989) ..................................................................22

*Pineda v. Bank of Am., N.A.*,
   50 Cal. 4th 1389 (2010) ..........................................................................19

*Proctor v. Vishay Intertechnology Inc.*,
   584 F.3d 1208 (2009) . (Farah Decl. ; Carr Decl. .) ...............................4

*Rippee v. Boston Mkt. Corp.*,
   408 F.Supp.2d 982 (S.D. Cal. 2005) .......................................................11

*Roling v. E*Trade Securities, LLC*,
   756 F.Supp.2d 1179 (N.D. Cal. 2010)....................................................8, 9

*Schneider v. Ford Motor Co.*,
   2018 U.S. App. LEXIS 34965 (9th Cir. Dec. 12, 2018) ..........................21

*Serrano v. 180 Connect, Inc.*,
   478 F.3d 1018 (9th Cir. 2007) ...................................................................6

*Shaw v. Toshiba Am. Info. Sys., Inc.*,
   91 F. Supp. 2d 942 (E.D. Tex. 2000) .......................................................22

*Smith v. Simmons*,
   No. 1:05-CV-01187-OWW-GSA, 2008 WL 744709 (E.D. Cal. Mar.
   18, 2008) ....................................................................................................7

*Snyder v. Harris*,
   394 U.S. 332 (1969)....................................................................................6

*State Farm Mut. Auto. Ins. Co. v. Dyer*,
   19 F.3d 514 (10th Cir. 1994) ......................................................................7

LITTLER MENDELSON
P.C.
2049 Century Park East
5th Floor

NOTICE OF REMOVAL OF CIVIL
ACTION TO FEDERAL COURT

*Strotek Corp. v. Air Trans. Ass'n of Am.,*
   300 F.3d 1129 (9th Cir. 2002) ............................................................................ 6

*Vasquez v. California,*
   45 Cal. 4th 243 (2008) ..................................................................................... 22

*Wicker v. ASC Profiles LLC,*
   No. 219CV02443TLNKJN, 2021 WL 1187271 (E.D. Cal. Mar. 30,
   2021) ............................................................................................................. 18

**Statutes**

28 U.S.C. ............................................................................................................. 13

28 U.S.C. § 84(c)(1), 1391, 1441, and 1446 ........................................................... 1

28 U.S.C. § 1332(c)(1) .......................................................................................... 7

28 U.S.C. §1332(d) ....................................................................................*passim*

28 U.S.C. § 1332(d)(2) ........................................................................................ 23

28 U.S.C. §§ 1332(d)(2)(A), 1453 ......................................................................... 11

28 U.S.C. §§ 1332(d)(2)(A), 1453(b) ...................................................................... 6

28 U.S.C. § 1332(d)(5)(A), CAFA .......................................................................... 6

28 U.S.C. § 1332(d)(5)(B) ..................................................................................... 5

28 U.S.C. § 1332(d)(6) ........................................................................................ 11

28 U.S.C. § 1332(d)(10) ........................................................................................ 8

28 U.S.C. § 1391 ................................................................................................... 1

28 U.S.C. § 1441 ................................................................................................... 1

28 U.S.C. § 1441(a) and (b) .................................................................................... 1

28 U.S.C. § 1441(b)(1) ......................................................................................... 10

28 U.S.C. § 1446 ................................................................................................. 1,5

28 U.S.C. § 1446(a) ......................................................................................... 4, 12

LITTLER MENDELSON
P.C.
2049 Century Park East
5th Floor

v

NOTICE OF REMOVAL OF CIVIL
ACTION TO FEDERAL COURT

28 U.S.C. § 1446(b) ............................................................................................. 4

28 U.S.C. § 1446(b)(1) ....................................................................................... 4

28 U.S.C. § 1446(b)(1) & (b)(2)(C)(3) ............................................................. 4

Cal. Bus. & Prof. Code § 17208 ................................................................. 13, 17

Cal. Civ. Proc. Code § 338(a) ........................................................................... 17

Cal. Code Civ. Proc. § 340 ............................................................................... 20

Cal. Lab. Code §§ 201-203 ........................................................................... 2, 19

Cal. Lab. Code §§ 204, 210 .............................................................................. 14

Cal. Lab. Code § 226 .......................................................................................... 2

Cal. Lab. Code §§ 226 and 1198.5 ..................................................................... 2

Cal. Lab. Code §§ 226.7 .......................................................................... 2, 17, 19

Cal. Lab. Code §§ 226.7, 512 ............................................................................. 2

Cal. Labor Code § 203(a) ................................................................................. 19

Cal. Labor Code § 204 ...................................................................................... 21

Cal. Labor Code § 226(a) .................................................................................. 20

Cal. Lab. Code §§ 1194 .............................................................................. 2, 15

Cal. Labor Code § 1194.2 ................................................................................. 16

Cal. Labor Code § 1198 ...................................................................................... 2

Cal. Labor Code §  210 ..................................................................................... 21

Labor Code § 226(a) ......................................................................................... 20

Labor Code Section 226(e) ............................................................................... 20

**Other Authorities**

Federal Rule of Civil Procedure 23.2 .................................................................. 8

Federal Rule of Civil Procedure 9(a) .................................................................. 6

LITTLER MENDELSON
P.C.
2049 Century Park East
5th Floor

NOTICE OF REMOVAL OF CIVIL
ACTION TO FEDERAL COURT

**TO THE CLERK OF THE U.S. DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF JOSE ARELLANO AND HIS ATTORNEY OF RECORD:**

PLEASE TAKE NOTICE that Defendants The J. M. Smucker Company; Smucker Foodservice, Inc.; Smucker Fruit Processing Co.; Smucker Fruit Processing Company; Smucker Retail Foods, Inc.; and Smucker Sales and Distribution Company, LLC (erroneously sued as "Smucker Sales And Distribution Company")(together the "Smucker Defendants") remove to this Court the state court action described herein. The Smucker Defendants remove the captioned action from the Superior Court of the State California for the County of Butte. Removal jurisdiction is proper in this Court pursuant to 28 U.S.C. section 1441(a) and (b) due to the diversity of the parties' citizenship and satisfaction of all requirements for removal.

## I.    STATEMENT OF JURISDICTION

1.    This Court has original jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), which vests the United States district courts with original jurisdiction of any civil action: (a) that is a class action with a putative class of more than a hundred members; (b) in which any member of a class of plaintiffs is a citizen of a state different from any defendant; and (c) in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. §1332(d). CAFA authorizes removal of such actions in accordance with United States Code, title 28, section 1446. As set forth below, this case meets all of CAFA's requirements for removal and is timely and properly removed by the filing of this Notice.

## II.    VENUE

2.    This action was filed in the Superior Court for the State of California, County of Butte. Venue properly lies in the United States District Court for the Eastern District of California, pursuant to 28 U.S.C. sections 84(c)(1), 1391, 1441, and 1446.

## III.    PLEADINGS, PROCESS, AND ORDERS

3.    On April 27, 2023, Plaintiff Jose Arellano ("Plaintiff") filed a Class Action Complaint in Butte County Superior Court, titled: *JOSE ARELLANO, individually and on behalf of all other similarly situated, vs. THE J. M. SMUCKER COMPANY, a corporation; SMUCKER NATURAL*

LITTLER
MENDELSON P.C.
2049 Century Park
East
5th Floor
Los Angeles, CA
90067.3107
310.553.0308

1

NOTICE OF REMOVAL OF CIVIL ACTION
TO FEDERAL COURT

*FOODS, INC., a corporation; SMUCKER NATURAL FOOD, LLC, a limited liability company; SMUCKER FOODSERVICE, INC., a corporation SMUCKER FRUIT PROCESSING CO., a corporation; SMUCKER FOOD PROCESSING COMPANY, a corporation; SMUCKER RETAIL FOODS, INC., a corporation; SMUCKER SALES AND DISTRIBUTION COMPANY, a corporation, FIDELITY INVESTMENTS INSTITUTIONAL OPERATIONS COMPANY LLC, a limited liability company; FIDELITY INVESTMENTS INSTITUTIONAL OPERATIONS COMPANY, INC. a corporation; and DOES 1 through 10, inclusive,* bearing Case No. 23CV01090 (the "Complaint"), which asserts the following eight causes of action: (1) Failure to Pay Minimum and Straight Time Wages (Cal Lab. Coed §§ 204, 1194, 1194.2, and 1197); (2) Failure to Pay Overtime Wages (Cal. Lab. Code §§ 1194 and 1198); (3) Failure to Provide Meal Periods (Cal. Lab. Code §§ 226.7, 512); (4) Failure to Authorize and Permit Rest Periods (Cal. Lab. Code §§ 226.7); (5) Failure to Timely Pay Wages at Termination (Cal. Lab. Code §§ 201-203); (6) Failure to Provide Accurate Itemized Wage Statements (Cal. Lab. Code § 226); (7) Failure to Produce Requested Employment Records (Cal. Lab. Code §§ 226 and 1198.5); and (8) Unfair Business Practices (Cal. Bus. And Prof. Code §§ 17200, *et seq.*)  (Declaration of Shiva S. Davoudian In Support of Defendants' Notice of Removal ("Davoudian Decl."), ¶2, Exh. A.)

4.      On April 28, 2023 the Court issued a Summons and Notice of Case Assignment and Notice of Hearing. (Davoudian Decl., ¶3, Exh. A.)

5.      On May 15, 2023, Plaintiff filed a First Amended Class Action Complaint ("FAC") adding Defendants Smucker Fruit Processing Company and TruRoots, LLC as named defendants. (Davoudian Decl., ¶4, Exh. A.)

6.      On June 28, 2023, the Smucker Defendants were served with the Complaint, along with a copy of the Summons on Complaint and Civil Case Cover Sheet, Summons on the First Amended Complaint and Civil Case Cover Sheet, and the Notice of Case Assignment and Notice of Hearing, through their agent for service of process. (Davoudian Decl. ¶6, Exh. A.)

/ / /

/ / /

/ / /

LITTLER MENDELSON
P.C.
2049 Century Park East
5th Floor

2

NOTICE OF REMOVAL OF CIVIL
ACTION TO FEDERAL COURT

7.    On June 28, 2023, Smucker Natural Foods, Inc., Smucker Natural Foods, LLC, and TruRoots, LLC (collectively the "TruRoots Defendants"),[1] were served with the Complaint, FAC, along with a copy of the Summons on Complaint and Civil Case Cover Sheet, Summons on the First Amended Complaint and Civil Case Cover Sheet, and the Notice of Case Assignment and Notice of Hearing.[2] (Davoudian Decl., ¶6, Exh. A.)

8.    Although Plaintiff filed a Proof of Service Amended Summons indicating that on June 28, 2023, The J. M. Smucker Company was served with a copy of the Summons and the operative Complaint (Davoudian Decl., ¶6, Exh. A), The J. M. Smucker Company has no record of receiving service of process in this case.    (Declaration of Peter Farah In Support of Defendants' Notice of Removal ("Farah Decl.") ¶3.) Similarly, although Plaintiff filed a Proof of Service Amended Summons indicating that on June 28, 2023, Defendant Smucker Fruit Processing Company was served with a copy of the Summons and the operative Complaint (Davoudian Decl., ¶6, Exh. A), Defendant Smucker Fruit Processing Company cannot be served with a copy of the Summons and the operative Complaint because it does not presently exist following its merger into The J. M. Smucker Company on July 12, 2006.  (Farah Decl. ¶6.)  However, in order to maximize efficiencies and facilitate removal, The J. M. Smucker Company, on behalf of both entities, consent to the removal of this action to federal court. Nothing herein is intended to waive The J. M. Smucker Company's or Smucker Fruit Processing Company's right to seek dismissals from this action. (Farah Decl. ¶¶3, 6.)

/ / /

/ / /

---

[1] The Smucker Defendants and TruRoots Defendants will collectively be referred to herein as "Defendants."

[2] Although Smucker Natural Foods, Inc. and Smucker Natural Foods, LLC are also named defendants in this litigation, they are no longer in existence because Smucker Natural Foods, Inc. was sold to TruRoots Buyer, LLC via a stock purchase agreement. Effective February 2, 2022, Smucker Natural Foods, Inc. was converted to Smucker Natural Foods, LLC, which was converted to TruRoots, LLC on March 16, 2022. (Declaration of Adam Carr In Support of Defendants' Notice of Removal ("Carr Decl.") ¶4.) As a result, Smucker Natural Foods, Inc. and Smucker Natural Foods, LLC are no longer in business and the purported service of process for both Smucker Natural Foods, Inc. and Smucker Natural Foods, LLC are defective. (*Id.*) However, in light of the June 28, 2023 service of process on TruRoots, LLC, and in order to maximize efficiencies and facilitate removal, Smucker Natural Foods, Inc. and Smucker Natural Foods, LLC concur to the removal of this action to federal court. Nothing herein is intended to waive TruRoots' right to seek dismissals of Smucker Natural Foods, Inc. and Smucker Natural Foods, LLC from this action. (*Id.*)

LITTLER MENDELSON
P.C.
2049 Century Park East
5th Floor

3

NOTICE OF REMOVAL OF CIVIL
ACTION TO FEDERAL COURT

9.    Based on information received from counsel for Fidelity Investments Institutional Operations Company LLC and Fidelity Investments Institutional Operations Company, Inc., these entities were dismissed from this action without prejudice. (Davoudian Decl., ¶ 7.)

10.    The documents attached, to the Declarations of Shiva S. Davoudian, constitute all the process, pleadings or orders related to this case that were filed and/or served upon Defendants or filed or received in the Butte County Superior Court action. To Defendants' knowledge, no further process, pleadings, or orders related to this case have been filed in Butte County Superior Court. The attachments thereby satisfy the requirements of 28 U.S.C. § 1446(a).

11.    Pursuant to 28 U.S.C. § 1446(b), The J. M. Smucker Company, Smucker Natural Foods, Inc., Smucker Natural Foods, LLC, and TruRoots, LLC consent to removal of this case to federal court. *See Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1225 (2009) (concluding that "[o]ne defendant's timely removal notice containing an averment of the other defendants' consent and signed by an attorney of record is sufficient" to effectuate consent and joinder to the removal). (Farah Decl. ¶¶3, 6; Carr Decl. ¶7.) Thus, ***all*** defendants in this action have properly joined in or consented to the removal petition.

## IV.    TIMELINESS OF REMOVAL

12.    This Notice of Removal is timely. Pursuant to 28 U.S.C. § 1446(b), a defendant must file a notice of removal within thirty days from the date it first objectively learns that an action is removable. A defendant may learn that an action is removable in one of two ways: (1) through the face of the initial pleadings or (2) through the receipt "of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(1) & (b)(2)(C)(3).

13.    28 U.S.C. § 1446(b) provides two 30-day windows for removing a case. Section 1446(b)(1) specifies that a defendant must remove "within 30 days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). Removal of this action is timely because this Notice of Removal has been filed within 30 days from June 28, 2023, when Defendants were served with the Complaint. 28 U.S.C. § 1446(b). (Davoudian Decl. ¶6; Exh. A.)

LITTLER MENDELSON
P.C.
2049 Century Park East
5th Floor

4

NOTICE OF REMOVAL OF CIVIL
ACTION TO FEDERAL COURT

## V.    NOTICE OF REMOVAL TO ADVERSE PARTY AND STATE COURT

14.    Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Eastern District of California, the undersigned is providing written notice of such filing to Plaintiff Jose Arellano's counsel of record: Justin F. Marques, Christina M. Le, Arsine Grigoryan, Wilshire Law Firm. 3055 Wilshire Blvd., 12th Floor, Los Angeles, California 90010. In addition, a copy of Defendants' Notice of Removal will be filed with the Clerk of the Superior Court of the State of California, County of Butte. (Davoudian Decl. ¶8.)

## VI.    CAFA JURISDICTION

15.    CAFA grants United States district courts original jurisdiction over: (a) civil class action lawsuits filed under federal or state law; (b) where the alleged class is comprised of at least 100 individuals; (c) in which any member of a class of plaintiffs is a citizen of a state different from any defendant; and (d) where the matter's amount in controversy exceeds $5,000,000, exclusive of interest and costs.  *See* 28 U.S.C. § 1332(d).  CAFA authorizes removal of such actions in accordance with 28 U.S.C. § 1446.  As set forth below, this case meets each CAFA requirement for removal, and is timely and properly removed by the filing of this Notice of Removal.

### A.    Plaintiff Filed a Class Action Under State Law

16.    Plaintiff filed his action as a class action based on alleged violations of California state law.  (Davoudian Decl., ¶2, Exh. A, FAC ¶ 1, Prayer for Relief.)

### B.    The Proposed Class Contains At Least 100 Members

17.    28 U.S.C. § 1332(d)(5)(B) states that the provisions of CAFA do not apply to any class action where "the number of members of all proposed plaintiff classes in the aggregate is less than 100."

18.    Plaintiff filed this action on behalf of himself and "[a]ll persons who worked for any Defendant in California as an hourly-paid or non-exempt employee at any time during the period beginning four years and 178 days before the filing of the initial complaint in this action and ending when notice to the class is sent."  (Davoudian Decl., ¶2, Exh. A, FAC ¶ 23.)

19.    Based on a review of the Smucker Defendants' and TruRoots Defendants' records, at least 434 non-exempt employees have worked in California during the alleged limitations period,

NOTICE OF REMOVAL OF CIVIL
ACTION TO FEDERAL COURT

starting from October 31, 2018[3] to May 24, 2023 (for Smucker Defendants) and from February 2, 2022 through July 21, 2023 for the TruRoots Defendants. (Farah Decl., ¶12; Carr Decl. ¶6; Davoudian Decl. ¶9.) Accordingly, Defendants' internal records demonstrate that there are well over 100 putative class members in this case.

### C.   Defendants Are Not Governmental Entities

20.   Under 28 U.S.C. § 1332(d)(5)(A), CAFA does not apply to class actions where "primary defendants are States, State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief."

21.   Defendants are business operations, not state, state official, or other government entities exempt from CAFA.  (Declaration of Brian Kinsey In Support of Defendants' Notice of Removal ("Kinsey Decl."), ¶3; Farah Decl., ¶¶3-9; Carr Decl. ¶3.)

### D.   There Is Diversity Between At Least One Class Member and Defendants

22.   Under CAFA, complete diversity is not required; 'minimal diversity' suffices." *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021 (9th Cir. 2007).

23.   CAFA's minimal diversity requirement is satisfied, *inter alia*, when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. §§ 1332(d)(2)(A), 1453(b).  In a class action, only the citizenship of the named parties is considered for diversity purposes, and not the citizenship of the class members.  *Snyder v. Harris*, 394 U.S. 332, 340 (1969). Additionally, for removal purposes, diversity must exist both at the time the action was commenced in state court and at the time of removal.  *See Strotek Corp. v. Air Trans. Ass'n of Am.*, 300 F.3d 1129, 1130-1131 (9th Cir. 2002).  Minimal diversity of citizenship exists here because Plaintiff and Defendants are citizens of different states.

#### 1.   Plaintiff is a Citizen of California

24.   For diversity purposes, a person is a "citizen" of the state in which he is domiciled. *See Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983); *see also Kanter v. Warner-*

---

[3] Plaintiff alleges Emergency Rule 9(a)(California Rules of Court) applies and extends the alleged class period from four years from the date the Complaint was filed to four years plus 178 days from the date the Complaint was filed. For purpose of removal only and without waiving any applicable defenses thereto, Defendants have calculated the alleged 4-year class period as of October 31, 2018 (4 years and 178 days from April 27, 2023, the date the Complaint was filed).

LITTLER MENDELSON
P.C.
2049 Century Park East
5th Floor

6

NOTICE OF REMOVAL OF CIVIL
ACTION TO FEDERAL COURT

*Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (confirming that person's domicile is the place he resides with the intention to remain). Furthermore, allegations of residency in a state court complaint create a rebuttable presumption of domicile supporting diversity of citizenship. *Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986); *see also State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 519 (10th Cir. 1994) (allegation by party in state court complaint of residency "created a presumption of continuing residence in [state] and put the burden of coming forward with contrary evidence on the party seeking to prove otherwise"); *Smith v. Simmons*, No. 1:05-CV-01187-OWW-GSA, 2008 WL 744709, at *7 (E.D. Cal. Mar. 18, 2008) (finding a place of residence provides "'prima facie' case of domicile").

25.    According to the FAC, Plaintiff is a resident of California. (Davoudian Decl., Exh. A, FAC ¶7).   Plaintiff alleges that he "is a California resident who worked for Defendants in County [sic], California as an hourly-paid, non-exempt employee from approximately June 2016 to approximately November 2021."   (*Id.*)   Plaintiff then filed the present action in Butte County. Moreover, Plaintiff's pay records list a California address as his location of residence. (Farah Dec., ¶16.) Additionally, a Finder Report on Plaintiff confirmed that Plaintiff has continued to reside and currently resides in California.   (Davoudian Decl., ¶10).   Accordingly, Plaintiff has been and is domiciled in the United States in the State of California and has been and is a citizen of the State of California as of the date of the filing of his Complaint and the time of this Removal. Plaintiff is therefore a citizen of California for purposes of the instant jurisdictional analysis.   *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("A person's domicile is her permanent home, where he resides with the intention to remain or to which he intends to return."). The Smucker Defendants have thus established by a preponderance of the evidence that Plaintiff is domiciled in California, and is, thus, a citizen of California. *Lew*, 797 F.2d at 751; *Smith*, 2008 WL 744709 at *7.

### 2.    The Smucker Defendants Are Not Citizens of California

26.    At the time of filing of the Complaint, The Smucker Defendants were, and still are, incorporated under the laws of Ohio or Delaware with their principal places of business in Orrville, Ohio. (Farah Decl., ¶¶3-9; Kinsey Decl., ¶3.)

27.    For diversity purposes, a corporation "shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."  28 U.S.C. §

7

1332(c)(1).  To determine a corporation's principal place of business, the courts apply the "nerve center test," which deems the principal place of business to be the state where a corporation's officers "direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81 (2010). In practice, the principal place of business is "where the corporation maintains its headquarters." *Id.* at 92–93.

28.     The Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), imposes only the minimal diversity requirement, that one plaintiff be a citizen of a different state from the defendant. "[A]n unincorporated association shall be deemed to be a citizen of the state where it has its principal place of business and the State under whose laws it was organized." 28 U.S.C. § 1332(d)(10); *see Davis v. HSBC Bank Nev., N.A.,* 557 F.3d 1026, 1028 (9th Cir.2009) (holding that LLCs and LPs are unincorporated associations for the purposes of CAFA); *see Abrego v. Dow Chem. Co.,* 443 F.3d 676, 684 (9th Cir. 2006) (stating that CAFA "departs from the rule that frequently destroys diversity jurisdiction, that a limited partnership's or unincorporated association's citizenship for diversity purposes can be determined only by reference to all of the entity's members." (citations and internal quotations omitted)).

29.     Thus, for qualifying class actions, such as here, CAFA abrogates the traditional rule that an unincorporated association shares the citizenship of each of its members for diversity purposes, and renders inapplicable the procedure in Federal Rule of Civil Procedure 23.2, which generally determines whether a federal court has subject matter jurisdiction over an action involving an unincorporated association. *Davis*, 557 F.3d at 1032, fn.13. Since *Davis*, several Courts have similarly found that the traditional rule regarding the citizenship of unincorporated associations, like LLCs and LPs, do not apply under CAFA. *See, e.g.*, *Jack v. Ring LLC*, 553 F.Supp.3d 711, 714–715 (N.D. Cal. 2021) (holding that LLC, which was a security system manufacturer, was an "unincorporated association" under CAFA and thus its citizenship for purposes of minimum diversity jurisdiction under CAFA was determined by its principal place of business in California and not by the citizenship of its members); *Roling v. E\*Trade Securities, LLC*, 756 F.Supp.2d 1179, 1184–1185 (N.D. Cal. 2010) (holding that minimal diversity was met because defendant E\*Trade Securities, LLC  was organized under the laws of Delaware and its primary place of business was in New York).

LITTLER MENDELSON
P.C.
2049 Century Park East
5th Floor

8

NOTICE OF REMOVAL OF CIVIL
ACTION TO FEDERAL COURT

30.     The J. M. Smucker Company is not a citizen of the State of California. The J. M. Smucker Company was, at the time this action was filed and continuing through the time of this removal, a corporation organized under the laws of Ohio with its principal place of business in Orrville, Ohio, where its executive and administrative offices are located, and where the majority of its executive and administrative functions are performed.  (Farah Dec., ¶3.) Therefore, The J. M. Smucker Company's principal place of business is in Orrville, Ohio, where its officers direct, control and coordinate its activities. (*Id.*)  *See Hertz*, 559 U.S. at 92–93. Accordingly, based solely on The J. M. Smucker's Company's Ohio citizenship, the CAFA minimal diversity requirements are satisfied here.

31.     Smucker Foodservice, Inc. is not a citizen of the State of California. Smucker Foodservice, Inc. was, at the time this action was filed and continuing through the time of this removal, a corporation organized under the laws of Delaware with its principal place of business in Orrville, Ohio, where its executive and administrative offices are located, and where the majority of its executive and administrative functions are performed.   (Farah Dec., ¶4.)  Thus, because Smucker Foodservice, Inc.'s officers and executives direct, control and coordinate its activities from Orrville, Ohio, its principal place of business is Ohio. *See Hertz*, 559 U.S. at 92–93.

32.     Smucker Fruit Processing Co.[4] is not a citizen of the State of California. Smucker Fruit Processing Co. was, at the time this action was filed and continuing through the time of this removal, a corporation organized under the laws of Ohio.  Smucker Fruit Processing Co.'s executive and administrative offices are located in Orrville, Ohio, where the majority of its executive and administrative functions are performed. (Kinsey Decl., ¶4.) Thus, because Smucker Fruit Processing Co.'s officers and executives direct, control and coordinate its activities from Orrville, Ohio, (Kinsey Decl., ¶4), its principal place of business is in Ohio. *See Hertz*, 559 U.S. at 92–93.

33.     Smucker Retail Foods, Inc. is not a citizen of the State of California. Smucker Retail Foods, Inc. was, at the time this action was filed and continuing through the time of this removal, a

---

[4] As noted, although Plaintiff contends that Smucker Fruit Processing Company has been served in this action, in or around July 12, 2006, this entity was merged out and is no longer in operation. Accordingly, Smucker Fruit Processing Company must be dismissed from this action, however, in an abundance of caution and without waiving any applicable defenses, including obtaining dismissal of this action, the J. M. Smucker Company concurs, on behalf of Smucker Fruit Processing Company, in the removal of this action to federal court. (Farah Decl., ¶6.)

LITTLER MENDELSON
P.C.
2049 Century Park East
5th Floor

9

NOTICE OF REMOVAL OF CIVIL
ACTION TO FEDERAL COURT

corporation organized under the laws of Ohio with its principal place of business in Orrville, Ohio where its executive and administrative offices are located, and where the majority of its executive and administrative functions are performed. (Farah Dec., ¶7.) Thus, because Smucker Retail Foods, Inc.'s officers direct, control and coordinate its activities from Orrville, Ohio (*id*.) its principal place of business is in Ohio. *See Hertz*, 559 U.S. at 92–93.

34.     Smucker Sales and Distribution Company, LLC is not a citizen of the State of California. Smucker Sales and Distribution Company, LLC was, at the time this action was filed and continuing through the time of this removal, a corporation organized under the laws of Ohio with its principal place of business in Orrville, Ohio where its executive and administrative offices are located, and where the majority of its executive and administrative functions are performed. (Farah Dec., ¶8.) Thus, because Smucker Sales and Distribution Company, LLC's officers direct, control and coordinate its activities from Orrville, Ohio, its principal place of business is in Ohio. *See Hertz*, 559 U.S. at 92–93.

### 3.     TruRoots Is Not A Citizen of California

35.     TruRoots, LLC is not a citizen of California.[5]  TruRoots, LLC is a Delaware LLC with its headquarters located in Massachusetts. TruRoots' principal place of business is in Massachusetts. TruRoots maintains its principal place of business in Massachusetts, where the majority of its executive and administrative functions are performed. (Carr Decl., ¶3.) Accordingly, TruRoots' principal place of business is Massachussets.

36.     The presence of Doe defendants in this case has no bearing on diversity with respect to removal.  *See* 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded."). Accordingly, the named Plaintiff is a citizen of a state (California)

---

[5] As noted above, prior to the filing of this action, Smucker Natural Foods, Inc. was converted to Smucker Natural Foods, LLC and in or around March 7, 2022, was then converted to TruRoots, LLC. (Carr Decl., ¶4.)  As such, neither Smucker Natural Foods, Inc. nor Smucker Natural Foods, LLC were operational at the time of the filing of the action or at the time of removal.  Hence, their domicile is not relevant to the existence of minimal diversity. Nevertheless, in an abundance of caution, as set forth in the Declaration of Adam Carr, at all times relevant, Smucker Natural Foods, LLC was not domiciled in California. (*Id*.)

LITTLER MENDELSON
P.C.
2049 Century Park East
5th Floor

10                    NOTICE OF REMOVAL OF CIVIL
                      ACTION TO FEDERAL COURT

1    different from Defendants (Ohio, Delaware and Massachusetts), and diversity exists for purposes of

2    CAFA jurisdiction. *See* 28 U.S.C. §§ 1332(d)(2)(A), 1453.

3           **E.**      **The Amount in Controversy Exceeds $5,000,000**[6]

4          37.    This Court has jurisdiction under the CAFA, which authorizes the removal of class

5    actions in which, among the other factors mentioned above, the amount in controversy for all class

6    members exceeds $5,000,000. 28 U.S.C. § 1332(d). "The claims of the individual class members shall

7    be aggregated to determine whether the matter in controversy exceeds" this amount. 28 U.S.C. §

8    1332(d)(6).

9          38.    "[U]nder CAFA the burden of establishing removal jurisdiction remains, as before, on

10    the proponent of federal jurisdiction." *Abrego v. Dow Chemical Co.*, 443 F.3d 676, 685 (9th Cir.

11    2006). Where, as here, the complaint is silent as to the amount in controversy, a preponderance of the

12    evidence standard applies. *See Lewis v. Verizon Communs., Inc.*, 627 F.3d 395, 397 (9th Cir. 2010),

13    *citing Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007).

14          39.    Defendants deny the validity and merit of the entirety of Plaintiff's alleged claims, the

15    legal theories upon which they are ostensibly based, and the alleged claims for monetary and other

16    relief that flow therefrom. For purposes of removal only, however, and without conceding that Plaintiff

17    or the putative class are entitled to relief, the Court must presume that Plaintiff will prevail on his

18    claims for purposes of determining whether the minimum amount in controversy has been satisfied.

19    *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 927 (9th Cir. 2019) ("The amount in controversy is

20    simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability.

21    In that sense, the amount in controversy reflects the *maximum* recovery the plaintiff could reasonably

22    recover. An assertion that the amount in controversy exceeds the jurisdictional threshold is not

23    defeated merely because it is equally possible that damages might be less than the requisite amount

24    …") The ultimate inquiry is what amount is put "in controversy" by a plaintiff's complaint, not what

25    a defendant might actually owe. *Rippee v. Boston Mkt. Corp.*, 408 F.Supp.2d 982, 986 (S.D. Cal.

26

27

28

---

[6] The alleged damages calculations contained herein are for purposes of removal only. Defendants deny that Plaintiff and/or the putative class are entitled to any relief whatsoever and expressly reserves the right to challenge Plaintiff's alleged damages in this case.

LITTLER MENDELSON
P.C.
2049 Century Park East
5th Floor

11

NOTICE OF REMOVAL OF CIVIL
ACTION TO FEDERAL COURT

2005); *accord Ibarra v. Manheim Inv., Inc.* 775 F.3d 1193, 1198 n.1 (9th Cir. 2015) (explaining that even when the court is persuaded the amount in controversy exceeds $5,000,000, defendants are still free to challenge the actual amount of damages at trial because they are only estimating the amount in controversy); *Arias*, 936 F.3d at 927 (finding defendant may rely on assumptions in its chain of reasoning, so long as they have "some reasonable ground underlying them.") (quotation and citation omitted).

40.     CAFA authorizes the removal of class actions in which, among other factors mentioned above, the amount in controversy for all class members exceeds $5 million.  See 28 U.S.C. § 1332(d).  Here, the FAC places well over $5 million in controversy.

41.     The removal statute requires that a defendant seeking to remove a case to federal court must file a notice "containing a short and plain statement of the grounds for removal."  28 U.S.C. §1446(a).  The United States Supreme Court in *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014), recognized that "as specified in section 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  Only if the plaintiff contests or the court questions the allegations of the notice of removal is supporting evidence required.  *Id.*  Otherwise, "the defendant's amount in controversy allegation should be accepted" just as plaintiff's amount in controversy allegation is accepted when a plaintiff invokes federal court jurisdiction.  *Id.* at 553.  "[N]o antiremoval presumption attends cases invoking CAFA."  *Id.* at 554.

42.     Here, Plaintiff does not allege the amount in controversy.  When the plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so, and the notice of removal must simply include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  *Dart* at 554. *See also Doe v. Trinity Health Corp.*, No. 121CV00994JLTEPG, 2022 WL 884977, at *2–3 (E.D. Cal. Mar. 25, 2022) ("In the Ninth Circuit, when a complaint does not state a specific damages figure (which Plaintiff's FAC does not), a removing party must show by a preponderance of the evidence that the amount in controversy exceeds CAFA's jurisdictional minimum. At the time of removal, the notice of removal need not contain evidentiary submissions. Instead, the notice of removal need include only a plausible allegation that

LITTLER MENDELSON
P.C.
2049 Century Park East
5th Floor

12

NOTICE OF REMOVAL OF CIVIL
ACTION TO FEDERAL COURT

the amount in controversy exceeds the jurisdictional threshold.  Such an allegation should be accepted when not contested by the plaintiff or questioned by the court.  However, evidence establishing the amount is required by [28 U.S.C.] § 1446(c)(2)(B) ... when the plaintiff contests, or the court questions, the defendant's allegation. The removing party may satisfy its evidentiary burden by submitting affidavits or declarations, or other summary-judgment-type evidence relevant to the amount in controversy at the time of removal. The party may buttress this evidence by relying on a chain of reasoning that includes reasonable assumptions, including those based on the allegations in the complaint. In these circumstances, the removing party must show the amount in controversy by a preponderance of the evidence.") (internal citations and quotations omitted).

43.    While Defendants deny Plaintiff's claims of wrongdoing and deny his request for relief therein, as specifically outlined below, the factual allegations in Plaintiff's FAC and the total amount of penalties, attorneys' fees, and other monetary relief at issue in this action clearly demonstrate that the total amount in dispute far exceeds this Court's jurisdictional minimum. *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (facts presented in notice of removal, combined with plaintiffs' allegations, sufficient to support finding that jurisdictional limits satisfied).  "[W]hen the defendant relies on a chain of reasoning that includes assumptions to satisfy its burden of proof [as to CAFA's amount-in controversy requirement], the chain of reasoning and its underlying assumptions must be reasonable." *LaCross v. Knight Transp. Inc.*, 775 F.3d 1200, 1201 (9th Cir. 2015, citing *Ibarra v. Manheim Investments, Inc.* 775 F.3d 1193, 1199 (9th Cir. 2015).

44.    Plaintiff seeks to recover damages and penalties for unpaid wages and overtime, including missed meal periods and rest break premium wages, as well as inaccurate wage statements and penalties for failure to timely pay wages upon separation and during employment.  (Davoudian Decl.,Exh. A, FAC, Prayer for Relief.)

45.    Further, Plaintiff's FAC alleges a cause of action for violation of the Unfair Competition Law ("UCL"), California Business and Professions Code §§ 17200, *et seq.* (Davoudian Decl., Exh. A, FAC, ¶¶ 80-95.)  Alleging a UCL violation may extend the statute of limitations for Plaintiff's and the Putative Class Members' meal and rest period claims as well as the unpaid wages claims from three to four years from the filing of the Complaint. *See* Cal. Bus. & Prof. Code § 17208;

*Cortez v. Purolater Air Filtration Products Co.*, 23 Cal. 4th 163, 178-79 (2000) (four-year statute of limitations for restitution of wages under the UCL).

46.    For purposes of removal, Defendants must assume (without conceding) the truth of Plaintiff's allegations for purposes of assessing amount in controversy.  Based on a preliminary review of its records, at least 434 non-exempt employees have worked in Defendants' California locations since October 31, 2018. (Farah Decl., ¶12; Carr Decl. ¶6; Davoudian Decl. ¶9.)

47.    Based upon the available employment records between October 31, 2018 and May 24, 2023, Plaintiff has placed approximately 50,348 workweeks in controversy. (Farah Decl., ¶12; Carr Decl. ¶6; Davoudian Decl. ¶9.). During the three-year period prior to the filing of the Complaint and up to and including May 24, 2023, 180 putative class members have ended their employment with Defendants. (Farah Decl., ¶13; Carr Decl. ¶6; Davoudian Decl. ¶9.)  During the one-year period prior to the filing of the Complaint and up to and including May 24, 2023, putative class members worked 5,509 pay periods. (Farah Decl., ¶14; Carr Decl. ¶6; Davoudian Decl. ¶9.)

48.    Plaintiff's allegations combined with the conservative calculations set forth below establish that the amount in controversy for (i) failure to pay minimum wage; (ii) failure to pay overtime (iii) meal period premiums; (iv) rest period premiums; (v) inaccurate wage statements; (vi) failure to timely pay wages upon separation of employment; (vii) related penalties pursuant to Cal. Lab. Code §§ 204, 210; and (viii) attorneys' fees is at least **$5,597,660**.[7]

### 1.    Amount In Controversy – Plaintiff's Minimum Wage Claim

49.    In his First Cause of Action, Plaintiff alleges that Defendants "maintained a policy and practice of not paying Plaintiff and the Class for all hours worked, including minimum, straight time, and overtime wages."  (Davoudian Decl., Exh. A, FAC, ¶ 15.)  Specifically, Plaintiff alleges that "Defendants required Plaintiff and the Class to work "off-the-clock", uncompensated, by, for example, requiring Plaintiff and the class to continue working during unpaid meal periods and arrive earlier before their scheduled start time for pre-shift duties." (*Id.*, ¶ 15.)  Plaintiff further alleges that "[s]ome of this unpaid work should have been paid at the overtime rate." (*Id.*, ¶ 15.)  As a result, Plaintiff seeks

---

[7] This amount does not take into account the additional pay earned by employees, including shift differentials and incentive pay, to the extent such payments were made, which would only increase the amount in controversy.

LITTLER MENDELSON
P.C.
2049 Century Park East
5th Floor

14

NOTICE OF REMOVAL OF CIVIL
ACTION TO FEDERAL COURT

unpaid minimum and straight time wages, as well as interest, costs, and attorneys' fees. (*Id.*, ¶ 39, Prayer for Relief.)

50. Plaintiff's FAC does not allege how much time he or the putative class allegedly spent working off-the-clock. For purposes of establishing the amount in controversy at removal, Defendants need not make Plaintiff's case for him, or prove the amount in controversy to a certainty. Rather, Defendants can rely on "reasonable assumptions" and a "chain of reasoning that includes assumptions" based on reasonable grounds to calculate the amount in controversy. *Anderson v. Starbucks Corp.*, 2020 WL 7779015, *8 (N.D. Cal. Dec. 31, 2020); *Herrera v. Carmax Auto Superstores California, LLC*, EDCV-14-776-MWF (VBKx), 2014 WL 12586254, at *6 (C.D. Cal. Jun. 12, 2014) ("Defendant cannot be expected to produce evidence of how often overtime violations may occur. Defendant must be entitled to monetize this claim with a reasonable and conservative estimate.")

51. For purposes of removal only, based on a preliminary review of Defendants' collective records, the putative class of approximately 434 non-exempt employees worked approximately 50,348 workweeks since October 31, 2018. The approximate average hourly rate for non-exempt employees during that time period is $20.81. (Farah Decl., ¶12; Carr Decl. ¶6; Davoudian Decl. ¶9.)

52. While Defendants contend that Plaintiff's claim for unpaid wages is without merit, based on the allegations in Plaintiff's complaint, and using a conservative estimate of 3 minutes off-the-clock work for "pre-shift duties" and 3 minutes off-the-clock work "during unpaid meal periods" approximately 50% of the time, the amount Plaintiff placed in controversy for the unpaid minimum and straight time wage claim totals **$261,935** (50,348 workweeks * 6 minutes per shift * 5 shifts per workweek * 50% (.5) * $20.81/hour).[8]

53. When asserting claims for unpaid minimum wages under California Labor Code section 1194, employees may also recover liquidated damages "in an amount equal to the wages

---

[8] Plaintiff alleged that "Defendants typically scheduled Plaintiff to work at least five days in a workweek and at least eight hours per day, but Plaintiff regularly worked more than eight hours in a workday and more than forty (40) hours in a workweek" and that "Plaintiff's experience working for Defendants was typical and illustrative." (Davoudian Decl., Exh. A, FAC, ¶ 13 and 14.) Thus, we assume for the purposes of this removal that each employee typically worked 5 shifts per week and close to or more than an average of 8 hours per day.

LITTLER MENDELSON
P.C.
2049 Century Park East
5th Floor

15

NOTICE OF REMOVAL OF CIVIL
ACTION TO FEDERAL COURT

unlawfully unpaid and interest thereon." CAL. LABOR CODE § 1194.2. Plaintiff specifically seeks liquidated damages. (Davoudian Decl., Exh. A, FAC, ¶¶ 37, 39, Prayer for Relief.)

54.    Accordingly, the amount in controversy for the minimum and straight time wage claim could well exceed **$523,871** (50,348 workweeks * 6 minutes per shift * 5 shifts per workweek * 50% (.5) * $20.81/ hour * 2 (liquidated damages).)

**2.    Amount In Controversy – Plaintiff's Overtime Claim**

55.    In his Second Cause of Action, Plaintiff alleges that Defendants "maintained a policy and practice of not paying Plaintiff and the Class for all hours worked, including minimum, straight time, and overtime wages." (Davoudian Decl., Exh. A, FAC, ¶ 15.) Specifically, Plaintiff alleges that "Defendants required Plaintiff and the Class to work "off-the-clock", uncompensated, by, for example, requiring Plaintiff and the class to continue working during unpaid meal periods and arrive earlier before their scheduled start time for pre-shift duties." (*Id.*, ¶ 15.) Plaintiff further alleges that "[s]ome of this unpaid work should have been paid at the overtime rate." (*Id.*, ¶ 15.) As a result, Plaintiff seeks unpaid wages and overtime compensation, as well as interest, costs, and attorneys' fees. (*Id.*, ¶ 39, Prayer for Relief.)

56.    Plaintiff's FAC does not allege how much time he or the putative class allegedly spent working off-the-clock. For purposes of establishing the amount in controversy at removal, Defendants can rely on "reasonable assumptions" and a "chain of reasoning that includes assumptions" based on reasonable grounds to calculate the amount in controversy. *Herrera v. Carmax Auto Superstores California, LLC*, EDCV-14-776-MWF (VBKx), 2014 WL 12586254, at *6 (C.D. Cal. Jun. 12, 2014) ("Defendant cannot be expected to produce evidence of how often overtime violations may occur. Defendant must be entitled to monetize this claim with a reasonable and conservative estimate.")

57.    For purposes of removal only, based on a preliminary review of Defendants' collective records, the putative class of approximately 434 non-exempt employees worked approximately 50,348 workweeks since October 31, 2018. The approximate average hourly rate for non-exempt employees during that time period is $20.81. (Farah Decl., ¶12; Carr Decl. ¶6; Davoudian Decl. ¶9.)

58.    While Defendants contend that Plaintiff's claim for unpaid wages is without merit, based on the allegations in Plaintiff's complaint, and using a conservative estimate 3 minutes off-the-

LITTLER MENDELSON
P.C.
2049 Century Park East
5th Floor

16

NOTICE OF REMOVAL OF CIVIL
ACTION TO FEDERAL COURT

clock work for "pre-shift duties" and 3 minutes off-the-clock work "during unpaid meal periods" approximately 50% of the time, the amount Plaintiff placed in controversy for the unpaid overtime wage claim totals **$392,903** (50,348 workweeks * 6 minutes per shift * 5 shifts per workweek * 50% (.5) * $20.81/ hour * 1.5). See *Cabrera v. S. Valley Almond Co., LLC*, No. 121CV00748AWIJLT, 2021 WL 5937585, at *8–9 (E.D. Cal. Dec. 16, 2021) ("Further, the Court finds that AgReserves's assumptions of one hour of unpaid overtime per week and one hour of unpaid minimum wages per week are consistent with allegations that violations occurred 'at times' and 'on occasion,' particularly since the Complaint alleges that the Labor Code violations at issue in this case are due to 'policies and/or practices' on the part of Defendants.")

59.     These calculations are based on the average base rate of pay for the putative class. Accordingly, applying each putative class member's regular rate of pay would further increase the amount in controversy Plaintiff placed at issue.

### 3.     Amount In Controversy – Plaintiff's Meal Period Claim.

60.     In his Third Cause of Action, Plaintiff alleges that "[t]throughout the statutory period, Defendants wrongfully failed to provide Plaintiff and the Class with legally compliant meal periods." (Davoudian Decl., Exh. A, FAC, ¶ 16.)  Plaintiff also alleges that "Defendants *regularly*, but not always, required Plaintiff and the Class to work in excess of five consecutive hours a day without providing a 30-minute uninterrupted, and duty-free meal period for every five hours of work, or without compensating Plaintiff and the class for the meal periods that were not provided by the end of the fifth hour of work or tenth hour of work."  (*Id.*, ¶ 16.) (*Emphasis* added).

61.     California law permits recovery of one additional hour of pay at the employee's regular rate of compensation for each workday a meal period was not provided.  Cal. Labor Code § 226.7. The statutory period for recovery for a Labor Code section 226.7 claim pursued with a Business & Professions Code claim is four years.  *See* Cal. Civ. Proc. Code § 338(a) (setting out a three-year limitations period); Cal. Bus. & Prof. Code § 17208 (explaining the three-year statute of limitations can be extended to four years through the pleading of a companion claim under the UCL).

62.     Plaintiff's FAC alleges "Defendants' policy and practice was not to provide meal periods to Plaintiff and the Class in compliance with California law." (Davoudian Decl., Exh. A, FAC

LITTLER MENDELSON
P.C.
2049 Century Park East
5th Floor

17

NOTICE OF REMOVAL OF CIVIL
ACTION TO FEDERAL COURT

¶16.) Thus, on its face, Plaintiff's FAC more than supports a conservative assumption of one (1) alleged missed meal period per workweek.  *See Kincaid v. Educ. Credit Mgmt. Corp.*, No. 221CV00863TLNJDP, 2022 WL 597158, at *1–5 (E.D. Cal. Feb. 28, 2022) ("This Court has held previously that a 20% to 60% violation rate for meal period and rest period violations to be reasonable.  Here, as in the foregoing cases, Plaintiff alleges a 'pattern and practice' of meal and rest violations.  Thus, Defendants' use of a 20% violation rate is reasonable.") (internal citations and quotations omitted) *Avila v. Rue 21, Inc.*, 432 F. Supp. 3d 1175, 1189 (E.D. Cal. 2020); *see also Olson*, 2019 WL 4673329, at *4 (finding 25% violation rate to be appropriate based on plaintiff's "pattern and practice" allegations). *Wicker v. ASC Profiles LLC*, No. 219CV02443TLNKJN, 2021 WL 1187271, at *1–5 (E.D. Cal. Mar. 30, 2021) ("Here, persuasive authority supports Defendants' calculation of one missed meal break and one missed rest break per week based on Plaintiff's allegation that Defendants had 'a policy and practice' of denying employees meal and rest breaks. . . . Moreover, meal and rest period violations can occur with both full-time and part-time employees, which further supports Defendants' assumption of a 20 percent violation rate.") (internal citations and quotations omitted).

63.    While Defendants contend that Plaintiff and the putative class were provided compliant meal periods, based on Plaintiff's allegations, and using a conservative estimate of one (1) missed meal period in approximately 75% of the workweeks Plaintiff placed at issue, the amount placed in controversy for the meal period claim totals **$785,806** (50,348 workweeks * 75% (.75) * 1 missed meal period * $20.81).

### 4.    Amount In Controversy – Plaintiff's Rest Break Claim.

64.    In his Fourth Cause of Action, Plaintiff alleges that "Defendants have wrongfully failed to authorize and permit Plaintiff and the Class to take legally compliant rest periods." (Davoudian Decl., Exh. A, FAC, ¶17.) Plaintiff further alleges that "Defendants *regularly* required Plaintiff and the Class to work in excess of four consecutive hours a day without Defendants authorizing and permitting them to take a 10-minute, uninterrupted, duty-free rest period for every hour hours of work (or major fraction of hour hours), or without compensating Plaintiff and the Class for rest periods that were not authorized or permitted.  (*Id.*) (*Emphasis* added.)  Plaintiff also alleges that "Defendants

LITTLER MENDELSON
P.C.
2049 Century Park East
5th Floor
18
NOTICE OF REMOVAL OF CIVIL
ACTION TO FEDERAL COURT

policy and practice was to not authorize and permit Plaintiff and the Class to take rest periods in compliance with California law." (*Id.*)

65.   California law permits recovery of one additional hour of pay at the employee's regular rate of compensation for each workday a rest period was not provided. Cal. Lab. Code § 226.7.

66.   While Defendants contend that Plaintiff and the putative class members were authorized and permitted to take compliant rest breaks, based on Plaintiff's allegations, and using a conservative estimate of one (1) alleged missed rest break per week in 75% of the workweeks Plaintiff placed at issue, the amount placed in controversy for the missed rest break claim totals **$785,806** (50,348 workweeks * 75% (.75) * 1 missed rest break * $20.81).[9]

**5.   Amount In Controversy – Plaintiff's Waiting Time Penalty Claim.**

67.   In his Fifth Cause of Action, Plaintiff seeks waiting time penalties pursuant to California Labor Code sections 201, 202, and 203.  Plaintiff alleges that "Defendants failed, and continue to fail to pay terminated Class Members, without abatement, all wages required to be paid by the California Labor Code §§ 201 and 202 either at the time of discharge, or within seventy-two (72) hours of their leaving Defendants' employ."  (Davoudian Decl., Exh. A, FAC, ¶ 59.)

68.   The statute of limitations for Plaintiff's Labor Code section 203 waiting time penalty claim is three years.  *Pineda v. Bank of Am., N.A.,* 50 Cal. 4th 1389, 1395 (2010) ("no one disputes that when an employee sues to recover both unpaid final wages and the resulting section 203 penalties, the suit is governed by the same three-year limitations period that would apply had the employee sued to recover only the unpaid wages").  The Labor Code's penalty for failure to pay wages at termination is up to 30 days' wages for each employee.  Cal. Labor Code § 203(a).

69.   Defendants deny the merit of Plaintiff's waiting time penalty claim.  But, for purposes of removal only, *based* on a review of its records, at least 180 putative class members have separated from Defendants employment since April 27, 2020. (Farah Decl., ¶¶12, 13; Carr Decl. ¶6; Davoudian

---

[9] As discussed above, Defendants' assumption of one missed rest break per week in 75% of the workweeks Plaintiff placed at issue is reasonable based on Plaintiff's allegation that Defendants "regularly" required Plaintiff and the putative Class to work in excess of four hours without authorizing or permitting a rest break. *See Garza v. Brinderson Constructors, Inc.,* No. 15-cv-02661-RMW, 2016 WL 1298390, at *3 (N.D. Cal. Apr. 4, 2016) (missing one meal break and one rest break is a valid assumption when plaintiff alleged he "regularly" missed meal breaks and defendant has a "policy or practice" of meal and rest break violations).

LITTLER MENDELSON
P.C.
2049 Century Park East
5th Floor

19

NOTICE OF REMOVAL OF CIVIL
ACTION TO FEDERAL COURT

Decl. ¶9.)The average pay rate for non-exempt employees is $20.81. (Farah Decl., ¶¶12, 13; Carr Decl. ¶6; Davoudian Decl. ¶9.)  Therefore, the amount in controversy for Plaintiff's waiting time penalties claim is approximately **$898,992** for all non-exempt employees (180 employees * 8 hours[10] * 30 days * $20.81 average rate of pay).

### 6.    Amount In Controversy – Plaintiff's Claim for Inaccurate Wage Statements.

70.    In his Sixth Cause of Action, Plaintiff alleges that Defendants "intentionally and willfully failed to provide employees with complete and accurate wage statements."  (Davoudian Decl., Exh A., FAC, ¶ 66.)  Plaintiff further alleges that the deficiencies include "the failure to correctly identify the gross wages earned by Plaintiff and the Class, the failure to list the true "total hours worked by the employee," and the failure to list the true net wages earned." *Id.*

71.    Labor Code Section 226(e) provides for a statutory penalty for violations of Labor Code § 226(a)'s wage statement requirements of $50 or actual damages per employee for the initial pay period in which a violation occurs and $100 per employee for each violation in a subsequent pay period, not exceeding an aggregate amount of $4,000 per employee.  Cal. Labor Code § 226(a).  The statutory period for Labor Code § 226(e) penalties is one year.  Cal. Code Civ. Proc. § 340.

72.    Defendants deny the validity and merit of Plaintiff's wage statement claim.  For purposes of removal only, based on a review of its records, Defendants have employed at least 221 non-exempt employees since April 27, 2022, for 5,509 pay periods.  (Farah Decl., ¶14; Carr Decl. ¶6; Davoudian Decl. ¶9.) Based on the number of pay periods each employee worked, at the rate of $50 for each initial penalty and $100 for each subsequent violation, the total amount in controversy for Plaintiff's wage statement penalty claim is **$539,850** for all non-exempt employees.

/ / /

/ / /

/ / /

---

[10] Plaintiff alleged he "regularly worked more than eight hours in a workday…" and that "Plaintiff's experience working for Defendants was typical and illustrative."  (Davoudian Decl., Exh. A, FAC, ¶ 13 and 14.) Thus, we are assume for the purposes of this removal that each employee works an average of 8 hours per day.  Based on the allegations set forth in the FAC, this figure is likely higher.

LITTLER MENDELSON
P.C.
2049 Century Park East
5th Floor

20                    NOTICE OF REMOVAL OF CIVIL
ACTION TO FEDERAL COURT

7.    **Amount In Controversy – Failure to Timely Pay Earned Wages During Employment**

73.    In his FAC, Plaintiff alleges that Defendants' aforementioned policies and practices resulted in the failure to pay Plaintiff and the putative class all earned wages within the applicable time frames outlined in Labor Code § 204. (Davoudian Decl., Exh. A, FAC, ¶¶ 38, 48, and Prayer for Relief.)

74.    Labor Code section 210 provides for a statutory penalty for violations of Labor Code section 204 of $100 per employee for the initial pay period in which a violation occurs and $200 per employee for each violation in a subsequent pay period, plus 25 percent of the amount unlawfully withheld. Cal. Labor Code § 210. The statutory period for Labor Code § 210 penalties is one year.

75.    Defendants deny the validity and merit of Plaintiff's timely wage payment claim. For the purposes of removal only, based on a review of its records, putative class members worked 5,509 pay periods since April 27, 2022. (Farah Decl., ¶14; Carr Decl. ¶6; Davoudian Decl. ¶9.)

76.    Accordingly, the amount Plaintiff placed in controversy for Labor Code section 210 penalties is approximately **$550,900.**

8.    **Amount In Controversy – Plaintiff's Claim for Attorneys' Fees.**

77.    Plaintiff seeks attorneys' fees and costs in his FAC. Exh. A, FAC, ¶¶ 39, 47, 63, 71, 79, 95, and Prayer for Relief. It is well-settled that claims for statutory attorneys' fees are to be included in the amount in controversy. *See, e.g.*, *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005), *cert. denied*, 549 U.S. 822 (2006); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("We hold that where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy.").

78.    Moreover, the Ninth Circuit held that "the amount in controversy includes all relief claimed at the time of removal to which the plaintiff would be entitled if she prevails." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 418 (9th Cir. 2018). This amount includes future attorneys' fees. *See Fritsch v. Swift Transp. Co. of Ariz. LLC*, 899 F.3d 785, 794 (9th Cir. 2018) ("there is no question that future [attorneys' fees] are 'at stake' in the litigation; *see also Schneider v. Ford Motor Co.*, 2018 U.S. App. LEXIS 34965, n. 4 (9th Cir. Dec. 12, 2018), *citing, Fritsch*, ("The possibility that

LITTLER MENDELSON
P.C.
2049 Century Park East
5th Floor

21

NOTICE OF REMOVAL OF CIVIL
ACTION TO FEDERAL COURT

the putative class members could receive an award of attorneys' fees buttresses our conclusion that the amount in controversy exceeds $5 million").

79.   In California, it is not uncommon for an attorneys' fee award to be 25 to 33 percent of a settlement or judgment. *See, e.g.*, *McGuigan v. City of San Diego*, 183 Cal. App. 4th 610, 638 (2010) (noting attorneys' fees paid in settlement of $1.6 million); *Vasquez v. California*, 45 Cal. 4th 243, 249 (2008) (noting award of $435,000 in attorneys' fees for class claims involving failure to pay wages, liquidated damages, penalties, and waiting time penalties); *Amaral v. Cintas Corp. No. 2*, 163 Cal. App. 4th 1157, 1216-1218 (2008) (affirming award of $727,000 in attorneys' fees plus a multiplier that equated to total fees of $1,199,550 in class case involving violations of a living wage ordinance, the California Labor Code, as well as unfair competition and contract claims); *see also Shaw v. Toshiba Am. Info. Sys., Inc.*, 91 F. Supp. 2d 942, 972 (E.D. Tex. 2000) ("Empirical studies show that, regardless whether the percentage method or the lodestar method is used, fee awards in class actions average around one-third of the recovery.").

80.   The attorneys' fees benchmark in the Ninth Circuit is 25 percent. *Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 272 (9th Cir. 1989) ("We note with approval that one court has concluded that the 'bench mark' percentage for the fee award should be 25 percent."); *Lo v. Oxnard Euro. Motors, LLC*, 2012 WL 1932283, at *3 (S.D. Cal. May 29, 2012) ("The Ninth Circuit has accepted as a benchmark for an attorneys' fees awards a twenty-five percent of the common fund recovery.").

81.   Based on Plaintiff's allegations, the amount placed in controversy for his claims, along with attorneys' fees at the benchmark percentage of 25 percent, results in **$5,597,660** in controversy.

### 9.   Amount In Controversy – Plaintiff's Claim for Injunctive Relief

82.   Plaintiff seeks injunctive relief to require Defendants to pay all allegedly outstanding wages due to Plaintiff and the putative class.  (Davoudian Decl., Exh. A, FAC, ¶¶ 80-95, and Prayer for Relief.)  While Defendants have not yet quantified the costs of compliance with any such injunction, this would further increase the amount in controversy. *In re Ford Motor Co./Citibank*, 264 F.3d 952, 958 (9th Cir. 2001), cert granted in part, 534 U.S. 1126, 123 S.Ct. 1063, 151 L.Ed.2d 966 (2002); cert. dismissed, 537 U.S. 1, 123 S.Ct. 584 (2002); see also *Pagel v. Dairy Farmers of Am.,*

LITTLER MENDELSON
P.C.
2049 Century Park East
5th Floor

22

NOTICE OF REMOVAL OF CIVIL
ACTION TO FEDERAL COURT

*Inc.*, 986 F. Supp. 2d 1151, 1161 (C.D. Cal. 2013) (cost of complying with injunction may be aggregated for CAFA purposes).

**VII.    SUMMARY**

83.    Removal of this action is proper as the alleged class is comprised of at least 100 individuals, the parties are diverse, and the aggregate value of Plaintiff's class causes of action and attorneys' fees is well in excess of the CAFA jurisdictional requirement of $5 million. See 28 U.S.C. § 1332(d)(2).

84.    Defendants provide the foregoing calculations only to demonstrate that the amount placed in controversy by Plaintiff's FAC easily exceeds the amount in controversy requirement of the CAFA. Defendants make no admission of any liability or damages with respect to any aspect of this case, nor does it endorse or concede that the proffered methodology for such calculations for purposes of demonstrating that the jurisdictional minimum is met could be used in lieu of individualized inquiries or otherwise.

85.    Accordingly, although Defendants deny Plaintiff's claims as alleged in the FAC, the jurisdictional minimum is satisfied for purposes of determining the amount in controversy, as it exceeds the $5,000,000 threshold required under CAFA.

86.    WHEREFORE, Defendants hereby remove this action from the Superior Court of the State of California, County of Butte, to the United States District Court for the Eastern District of California.

Dated: July 27, 2023                    LITTLER MENDELSON P.C.



_____

Shiva Shirazi Davoudian
James Payer
Attorneys for Defendants
THE J. M. SMUCKER COMPANY; SMUCKER
FOODSERVICE, INC.; SMUCKER FRUIT
PROCESSING CO.; SMUCKER FOOD
PROCESSING COMPANY; SMUCKER RETAIL
FOOD, INC. AND SMUCKER SALES AND
DISTRIBUTION COMPANY, LLC, (erroneously
sued as "Smucker Sales And Distribution
Company")

4894-6439-2818.3 / 111811-1049

LITTLER MENDELSON
P.C.
2049 Century Park East
5th Floor

23

NOTICE OF REMOVAL OF CIVIL
ACTION TO FEDERAL COURT