UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| JOSE ARELLANO, individually, and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>THE J.M. SMUCKER COMPANY, a corporation; SMUCKER NATURAL FOODS, INC., a corporation; SMUCKER NATURAL FOODS, LLC, a limited liability company; SMUCKER FOODSERVICE, INC., a corporation; SMUCKER FRUIT PROCESSING CO., a corporation; SMUCKER RETAIL FOODS, INC., a corporation; SMUCKER SALES AND DISTRIBUTION COMPANY, a corporation; FIDELITY INVESTMENTS INSTITUTIONAL OPERATIONS COMPANY LLC, a limited liability company; FIDELITY INVESTMENTS INSTITUTIONAL OPERATIONS COMPANY, INC., a corporation; SMUCKER FRUIT PROCESSING COMPANY, a corporation; TRUROOTS, LLC, a limited liability company; and DOES 1 through 10, inclusive,<br><br>    Defendants. | No. 2:23-cv-01540 WBS DMC<br><br>ORDER |

----oo0oo----

Plaintiff requests leave to file a late opposition to Smucker Foodservice, Inc.; Smucker Fruit Processing Co.; Smucker Fruit Processing Company; Smucker Retail Foods, Inc.; Smucker Sales and Distribution Company, LLC; and The J. M. Smucker Company's (collectively the "Smucker Defendants") motion to dismiss. (Appl. (Docket No. 19).) Smucker Defendants oppose. (Opp'n (Docket No. 20).)

Smucker Defendants filed their motion to dismiss on August 21, 2023. (Mot. (Docket No. 10).) Apparently, Christina Le, an attorney of record for plaintiff, was the only attorney in her firm who received service although she is not the "lead" attorney. (Appl. at 3.) Plaintiff's opposition was due fourteen days later, on September 5. L.R. 230(c). That deadline passed with no word to the court about either an opposition or a notice of non-opposition. A week later, on September 11, Smucker Defendants filed a notice of failure to file an opposition. (Docket No. 16.)

On September 14, the court clerk emailed Attorney Le asking about the status of plaintiff's response. (Le Decl. (Docket No. 19-2) Ex. 1.) Attorney Le replied on the same day, stating that her office planned on filing a response by September 20, along with a declaration explaining why a response was not filed sooner. (Id.) The court clerk replied on the same day, informing Le that plaintiff would need to seek leave to file a late opposition. (Id.) After two more weeks passed, plaintiff filed his ex parte application on September 27. Smucker Defendants opposed the application two days later, on September

29.

It is clear that plaintiff failed to comply with the court's rules.  Smucker Defendants properly served their motion to dismiss upon an attorney of record whose contact information was provided by plaintiff via CM/ECF.  Additionally, Smucker Defendants had no obligation to provide plaintiff any form of notice beyond serving the motion itself.

Notwithstanding plaintiff's error, and in the interest of resolving Smucker Defendants' motion to dismiss on the merits, the court will grant plaintiff's *ex parte* application on the condition that plaintiff indemnify Smucker Defendants for their attorneys' fees and costs associated with drafting their opposition to plaintiff's *ex parte* application as well as their travel expenses for oral argument on the same.

IT IS THEREFORE ORDERED that plaintiff's *ex parte* application to file a late brief in opposition to Smucker Defendants' motion to dismiss (Docket No. 19) be, and the same hereby is, GRANTED upon the satisfaction of the following conditions: Smucker Defendants SHALL within three days of the issuance of this order submit a bill of costs to the court for their attorneys' fees and costs incurred to oppose plaintiff's *ex parte* application.  Upon the court's approval of Smucker Defendants' bill of costs, plaintiff SHALL indemnify Smucker Defendants for such costs and expenses.  Thereafter, within ten days of the court's approval of Smucker Defendants' bill of costs, plaintiff shall file his opposition to Smucker Defendants' motion to dismiss.

///

1  IT IS SO ORDERED.

3  Dated:  October 17, 2023

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE