Molly DeSario (SBN 230763)
molly.desario@wilshirelawfirm.com
Arsiné Grigoryan (SBN 319517)
arsine.grigoryan@wilshirelawfirm.com
Bradford Smith (SBN 345879)
bradford.smith@wilshirelawfirm.com
**WILSHIRE LAW FIRM, PLC**
3055 Wilshire Blvd., 12th Floor
Los Angeles, California 90010
Telephone: (213) 381-9988
Facsimile: (213) 381-9989

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ARELLANO, individually, and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>  v.<br><br>THE J.M. SMUCKER COMPANY, a corporation; SMUCKER NATURAL FOODS, INC., a corporation; SMUCKER NATURAL FOODS, LLC, a limited liability company; SMUCKER FOODSERVICE, INC., a corporation; SMUCKER FRUIT PROCESSING CO., a corporation; SMUCKER RETAIL FOODS, INC., a corporation; SMUCKER SALES AND DISTRIBUTION COMPANY, a corporation; FIDELITY INVESTMENTS INSTITUTIONAL OPERATIONS COMPANY LLC, a limited liability company; FIDELITY INVESTMENTS INSTITUTIONAL OPERATIONS COMPANY, INC., a corporation, SMUCKER FRUIT PROCESSING COMPANY, a corporation; TRUROOTS, LLC a limited liability company; and DOES 1 through 10, inclusive,<br><br>    Defendants. | Case No. 2:23-CV-01540-WBS-DMC<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:   April 14, 2025<br>Time:   1:30 p.m.<br>Courtroom: 5<br>      (Videoconference)<br>Judge:   Hon. William B. Shubb |

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12ᵗʰ Floor
Los Angeles, CA 90010-1137

## NOTICE OF MOTION AND MOTION

TO THE COURT AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, on April 14, 2025, at 1:30 p.m., in Courtroom 5 of the United States District Court for the Eastern District of California, located at 501 I Street, Sacramento, California 95814, Plaintiff Jose Arellano will move this Court for entry of an Order certifying a class for settlement purposes pursuant to Fed. R. Civ. Proc. 23(e).

This motion is made on the grounds that the Settlement Agreement, which provides for a total, non-reversionary payment of $350,000.00 "is the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls within the range of possible approval," such that preliminary approval is appropriate. (*In re Tableware Antitrust Litig.* (N.D. Cal. 2007) 484 F. Supp. 2d 1078, 1079 (quoting *Schwartz v. Dallas Cowboys Football Club, Ltd.* (E.D. Pa. 2001) 157 F. Supp. 2d 561, 570 n.12).)  Further, the proposed notice of settlement complies with due process requirements and is the "best notice that is practicable under the circumstances," as it provides Settlement Class Members (as defined below) an opportunity to fully assess the settlement, including Plaintiff's motion for attorneys' fees and costs, before deciding whether to opt-out or submit objections.  (Fed. Rules Civ. Proc., rule 23(c)(2)(B), 28 U.S.C.)

This Motion is based on this Notice, the Memorandum of Points and Authorities, the Declaration of Molly DeSario and exhibits thereto, the records, pleadings, and papers filed in this action, and any other documentary and oral evidence or argument that may be presented at the hearing.

## RELIEF SOUGHT

Plaintiff (as defined below) respectfully request that the Court:

1.    Preliminarily certify the proposed class for settlement purposes under Rule 23(e) of the Federal Rules of Civil Procedure;

2.    Preliminarily appoint Plaintiff as the Class Representative for settlement purposes;

3.    Preliminarily appoint Wilshire Law Firm, PLC as Class Counsel for settlement purposes;

4.      Preliminarily approve the class action settlement based upon the terms set forth in the Class Action Settlement Agreement and Class Notice ("Settlement Agreement");

5.      Schedule a final fairness hearing to consider final approval of the Settlement, class representative's incentive payments, entry of a proposed final judgment, and Plaintiffs' motion for attorney's fees and costs;

6.      Appoint Phoenix Settlement Administrators as the third-party settlement administrator for administering the settlement, which includes mailing Notice of Class Action Settlement ("Notice"); and

7.      Approving the proposed Notice and ordering that it be disseminated to the proposed Settlement Class as provided in the Settlement.

Respectfully submitted,

Dated: February 28, 2025           **WILSHIRE LAW FIRM, PLC**

By:      */s/* Arsiné Grigoryan
_____
Molly DeSario
Arsiné Grigoryan
Bradford Smith

Attorneys for Plaintiff

PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

# **TABLE OF CONTENTS**

NOTICE OF MOTION AND MOTION ...................................................................... 1

RELIEF SOUGHT ................................................................................................... 1

MEMORANDUM OF POINTS AND AUTHORITIES............................................. 1

I.     INTRODUCTION......................................................................................... 1

II.    SUMMARY OF THE LITIGATION HISTORY AND SETTLEMENT........... 1

       A.    The Settlement Occurred After Extensive Litigation........................... 1

       B.    Settlement Negotiations and Agreement............................................. 2

       C.    Key Terms of the Proposed Settlement............................................... 3

III.   ARGUMENT ............................................................................................... 5

       A.    Class Certification is Appropriate for Settlement Purposes................ 5

             1.    The Elements Of Rule 23(A) Are Satisfied ............................ 6

             2.    The Elements of Rule 23(b)(3) Are Satisfied ........................ 7

       B.    The Settlement Is Fair, Reasonable, and Adequate.......................... 8

             1.    The Strength of Plaintiff's Case ........................................... 9

             2.    Risk, Expense, Complexity, and Duration of Further Litigation ...... 9

             3.    Risk of Maintaining Class Action Status ............................. 10

             4.    Amount Offered in Settlement Given Realistic Value of Claims. .... 10

             5.    Discovery Completed and the Status of Proceedings ....... 11

             6.    The Experience and Views of Counsel. ............................. 11

       C.    The Settlement Meets the Requirements for Preliminary Approval .......... 11

             1.    The Settlement is Within the Range of Possible Approval............... 12

             2.    The Settlement Resulted from Serious, Informed and Non-Collusive
                   Negotiations. ................................................................... 12

             3.    The Settlement is Devoid of Obvious Deficiencies ............ 12

       D.    The Court Should Approve the Proposed Class Notice ................. 14

       E.    The Court Should Set a Schedule for Final Approval .................... 15

PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

IV.   CONCLUSION ............................................................................................................. 16

**WILSHIRE LAW FIRM, PLC**
3055 Wilshire Blvd, 12ᵗʰ Floor
Los Angeles, CA 90010-1137

1

# TABLE OF AUTHORITIES

2

**FEDERAL CASES**

3

*Amchem Prods., Inc. v. Windsor*

4

(1997) 521 U.S. 591 ................................................................................8

5

*Churchill Vill., LLC v. Gen. Elec.*

6

(9th Cir. 2004) 361 F.3d 566 ..............................................................14

7

*D'Amato v. Deutsche Bank*

8

(2d Cir. 2001) 236 F.3d 78 ..................................................................12

9

*Eisen v. Carlisle & Jacquelin*

10

(1974) 417 U.S. 156 .............................................................................14

11

*Gribble v. Cool Transports Inc.*

12

(C.D. Cal. Dec. 15, 2008) No. CV 06-04863 GAF SHx, 2008 WL5281665 ...............11

13

*Hanlon v. Chrysler Corp.*

14

(9th Cir. 1998) 150 F.3d 1011 ......................................................5, 6, 7, 8

15

*Hightower v. JP Morgan Chase Bank, NA*

16

(C.D. Cal. Aug. 4, 2015) No. CV 11-1802 PSG, 2015 WL 9664959 ............................13

17

*In re Apple Computer, Inc. Derivative Litig.*

18

(N.D. Cal. Nov. 5, 2008) No. C 06-4128 JF (HRL), 2008 U.S. Dist. LEXIS 108195 ............12

19

*In re Hyundai & Kia Fuel Econ. Litig.* ("*Hyundai I*")

20

(9th Cir. 2018) 881 F.3d 679 ............................................................7, 8

21

*In re Hyundai & Kia Fuel Econ. Litig.* ("*Hyundai II*")

22

 (9th Cir. 2019) 926 F.3d 539 ..........................................................7, 8

23

*In re Mego Fin. Corp. Sec. Litig.*

24

(9th Cir. 2000) 213 F.3d 454 ..............................................................12

25

*In re Mercury Interactive Corp. Sec. Litig.*

26

(9th Cir. 2010) 618 F.3d 988 ..............................................................14

27

*In re On-Line DVD Rental Antitrust Litig.*

28

(9th Cir. 2015) 779 F.3d 934 ..............................................................13

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

*In re Pac. Enter. Sec. Litig.*

(9th Cir. 1995) 47 F.3d 373................................................................................................11, 14

*In re Portal Software, Inc. Securities Litig.*

(N.D. Cal. Nov. 26, 2007) No. C-03-5138 VRW, 2007 WL 4171201 ...........................................9

*In re Syncor ERISA Litig.*

(9th Cir. 2008) 516 F.3d 1095 ..........................................................................................8

*LaFleur v. Med. Mgmt. Int'l, Inc.*

(C.D. Cal. June 5, 2014) No. EDCV 13–00398–VAP (OPx), 2014 WL 2967475.......................13

*Lerwill v. Inflight Motion Pictures, Inc.*

(9th Cir. 1978) 582 F.2d 507...........................................................................................7

*Mazza v. Am. Honda Motor Co., Inc.*

(9th Cir. 2012) 666 F.3d 581...........................................................................................7

*Misra v. Decision One Mortg. Co.*

(C.D. Cal. Apr. 13, 2009) No. 07-0994 DOC, 2009 WL 4581276 ...........................................15

*Naranjo v. Spectrum Sec. Servs., Inc.*

(2023) 88 Cal.App.5th 937 .............................................................................................9

*Nat'l Rural Telecomm. Coop. v. DIRECTTV, Inc.*

(C.D. Cal. 2004) 221 F.R.D. 523 ......................................................................................9

*Rodriguez v. West Publ'g Corp.*

(9th Cir. 2003) 563 F.3d 948...........................................................................................8

*Singer v. Becton Dickinson & Co.*,

No. 08-821 IEG, 2010 WL 2196104 (S.D. Cal. Jun. 1, 2010)....................................................14

*Stanton v. Boeing Co.*

(9th Cir. 2003) 327 F.3d 938...........................................................................................5

*Stuart v. Radioshack Corp.*

(N.D. Cal. Aug. 9, 2010) No. C-07-4499 EMC, 2010 WL 3155645 .........................................14

*Welling v. Allexy*

(N.D. Cal. 1994) 155 F.R.D. 654.......................................................................................6

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12ᵗʰ Floor
Los Angeles, CA 90010-1137

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12ᵗʰ Floor
Los Angeles, CA 90010-1137

*Wright v. Linkus Enter., Inc.*

(E.D. Cal. 2009) 259 F.R.D. 468 ...................................................................................................15

STATE STATUTES

8 Cal. Code Regs. § 13520......................................................................................................................9

REGULATIONS

Conte & Newberg, *Newberg on Class Actions* (4th ed. 2002)...................................................5, 11

Manual for Complex Litigation (3d ed. 1995) § 30.41...............................................................11

No.2:23-CV-01540-WBS-DMC

PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Plaintiff Jose Arellano ("Plaintiff") seek preliminary approval of a proposed $350,000.00 non-reversionary, class action settlement of this wage-and-hour case with Defendant TruRoots, LLC ("Defendant", and together with Plaintiff, the "Parties").  The settlement will provide finality to a highly contested case, and, as set forth more fully below, the proposed settlement satisfies all the criteria for settlement approval under Rule 23 of the Federal Rules of Civil Procedure.  The settlement was reached after extensive discovery, investigation, motion practice, and a mediation presided over by experienced wage and hour mediator, Phillip K. Cha, Esq., which ultimately led to the settlement.

Accordingly, the Parties respectfully request that the Court bring closure to this case by preliminarily approving the proposed settlement, certifying the proposed settlement class, approving the Notice, and scheduling a final approval hearing.

### II.    SUMMARY OF THE LITIGATION HISTORY AND SETTLEMENT

#### A.    The Settlement Occurred After Extensive Litigation

On April 28, 2023, Plaintiff filed a putative wage-and-hour class action in Butte County on behalf of himself and all hourly-paid, non-exempt employees in California against Defendants The J.M. Smucker Company, Smucker Natural Foods, Inc., Smucker Natural Foods, LLC, Smucker Foodservice, Inc., Smucker Fruit Processing Co., Smucker Retail Foods, Inc., Smucker Sales and Distribution Company, Fidelity Investments Institutional Operations Company LLC, and Fidelity Investments Institutional Operations Company, Inc. for: (1) failure to pay minimum and straight time wages; (2) failure to pay overtime wages; (3) failure to provide meal periods; (4) failure to authorize and permit rest periods; (5) failure to timely pay final wages at termination; (6) failure to provide accurate itemized wage statements; (7) failure to produce requested employment records; and (8) violation of California's Unfair Competition Law, California Business and Professions Code §§ 17200, *et seq*.  On May 15, 2023, Plaintiff filed a First Amended Complaint against Defendants adding Defendants Smucker Fruit Processing Company and TruRoots, LLC as named Defendants.  On July 25, 2023, Plaintiff

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12ᵗʰ Floor
Los Angeles, CA 90010-1137

filed a Request for Dismissal, dismissing Defendants Fidelity Investments Institutional Operations Company LLC and Fidelity Investments Institutional Operations Company, Inc. (Declaration of Molly DeSario in Support of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement ["DeSario Decl."], ¶ 3.)

On July 27, 2023, Defendants removed this matter to federal court on the basis of diversity jurisdiction. Plaintiff was unsuccessful in remanding the case back to state court. On November 18, 2023, the Parties filed a Joint Stipulation to Dismiss Smucker Defendants, dismissing Defendants The J.M. Smucker Company, Smucker Natural Foods, Inc., Smucker Natural Foods, LLC, Smucker Foodservice, Inc., Smucker Fruit Processing Co., Smucker Retail Foods, Inc., Smucker Sales and Distribution Company, and Smucker Fruit Processing Company. (*Id.* at ¶ 4.)

### B.    Settlement Negotiations and Agreement

On May 21, 2024, the Parties participated in private mediation with experienced class action mediator, Phillip K. Cha, Esq. (DeSario Decl., ¶ 5.) The mediation was conducted via Zoom. The settlement negotiations were at arm's length and, although conducted in a professional manner, were adversarial. The Parties went into mediation willing to explore the potential for a settlement of the dispute, but each side was also prepared to litigate their position through trial and appeal if a settlement had not been reached.

After extensive litigation, negotiations, and discussions regarding the strengths and weaknesses of Plaintiff's claims and Defendant's defenses, the Parties were able to reach a settlement the material terms of which are encompassed within the Settlement Agreement. (*Id.* at ¶ 6.) Class Counsel believes that the proposed settlement is fair, reasonable, and adequate and is in the best interests of the Settlement Class Members in light of all known facts and circumstances, the risk of significant delay, the defenses that could be asserted by Defendant both to certification and on the merits, trial risk, and appellate risk. (*Id.* at ¶ 15.)

This settlement resolves the risk attendant with continued litigation. Class Counsel believes that the settlement amount is reasonable in light of Defendant's realistic range of exposure. (DeSario Decl., ¶ 7.) This is a good result for the Class, particularly in light of the

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

difficulty in certifying a class and continuing in litigation. Because of the proposed Settlement, Settlement Class Members will be able to receive timely, guaranteed relief and will avoid the risk of an unfavorable judgment. (*Id.*)

**C.    Key Terms of the Proposed Settlement**

Under the Settlement Agreement, Defendant will pay Three Hundred Fifty Thousand Dollars and Zero Cents ($350,000.00) to resolve this litigation. (DeSario Decl., Ex. 1 (Class Action Settlement Agreement and Class Notice [the "Settlement Agreement"]).) The key terms include:

1.    Settlement Class: "means all persons employed by Defendant in California and classified as hourly-paid or non-exempt employee who worked for Defendant during the Class Period." (Settlement, § 1.4.)

2.    Gross Settlement Amount: "means $350,000.00, which is the total amount Defendant agrees to pay under the Settlement except as provided in Paragraph 9 below. The Gross Settlement Amount will be used to pay Individual Class Payments, Class Counsel Fees, Class Counsel Expenses, Class Representative Service Payment and the Administrator's Expenses." (Settlement, § 1.21.)

3.    Distribution of Settlement Payments: "An Individual Class Payment calculated by: (a) dividing the Net Settlement Amount by the total number of Workweeks worked by all Participating Class Members during the Class Period; and (b) multiplying the result by each Participating Class Member's Workweeks." (Settlement, § 3.2.4.)

4.    Release by Participating Class Members: "All Participating Class Members, on behalf of themselves and their respective former and present representatives, agents, attorneys, heirs, administrators, successors, and assigns, release Released Parties from any and all claims asserted or that could have been asserted based on the facts pled in the operative complaints, including but not limited to, state wage and hour claims for any and all violations of California's Labor Code and Unfair Competition Law based on Defendant's failure to pay for all hours worked (including minimum, straight time, and overtime wages), failure to provide meal periods, failure to authorize and permit rest periods, failure to timely pay final wages at termination, failure to

PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

furnish accurate itemized wage statements, and failure to indemnify employees for expenditures based on the alleged Labor Code violations, and all damages, interest, penalties, attorneys' fees, costs, and other amounts recoverable under said causes of action under California law, to the extent permissible, including, but not limited to, the California Labor Code and the applicable Wage Orders. Except as set forth in Section 5.3 of this Agreement, Participating Class Members do not release any other claims, including claims for vested benefits, wrongful termination, violation of the Fair Employment and Housing Act, unemployment insurance, disability, social security, workers' compensation, or claims based on facts occurring outside the Class Period." (Settlement, § 5.2.)

5.    <u>Tax Allocation</u>: "20% of each Participating Class Member's Individual Class Payment will be allocated to settlement of wage claims (the "Wage Portion"). The Wage Portions are subject to tax withholding and will be reported on an IRS W-2 Form. The remaining 80% of each Participating Class Member's Individual Class Payment will be allocated to settlement of claims for interest and penalties (the "Non-Wage Portion"). The Non-Wage Portions are not subject to wage withholdings and will be reported on IRS 1099 Forms. Participating Class Members assume full responsibility and liability for any employee taxes owed on their Individual Class Payment." (Settlement, § 3.2.4.1.)

6.    <u>Attorneys' Fees and Costs</u>: The settlement provides that Class Counsel may seek up to 33-1/3% ($116,666.67) of the $350,000.00 gross settlement fund for attorneys' fees, and up to $17,000.00 for their actual litigation expenses incurred. (Settlement, § 3.2.2.) Plaintiffs will make a separate motion for attorneys' fees and costs under Rule 23(h) on a later date.

7.    <u>Enhancement Awards to Class Representative</u>: The Settlement provides for an Enhancement Award of $5,000 to the Class Representative, Plaintiff Jose Arellano, in recognition of their efforts on behalf of the Class. (Settlement, § 3.2.1.) If approved, Plaintiff will receive this amount in addition to their Individual Settlement Payment. (*Id*.)

8.    <u>Settlement Administration Costs</u>: The Parties have agreed to use Phoenix Settlement Administrators as the settlement administrator, with administration fees capped at $7,000.00. (Settlement, § 3.2.3.)

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12ᵗʰ Floor
Los Angeles, CA 90010-1137

III.  **ARGUMENT**

At preliminary approval, the Court first determines whether a class exists.  (*Stanton v. Boeing Co.* (9th Cir. 2003) 327 F.3d 938, 952.)  Then, the Court evaluates whether the settlement is within the "range of reasonableness," and whether notice to the class and the scheduling of a final approval hearing should be ordered.  (*See, generally*, Conte & Newberg, *Newberg on Class Actions* (4th ed. 2002) § 11.25.)

The Settlement here meets all the requirements for preliminary approval.

A.  **Class Certification is Appropriate for Settlement Purposes**

When considering a request for certification of a settlement class for settlement purposes, the Court must first determine "whether the proposed settlement class satisfies the requirements of Rule 23(a) of the Federal Rules of Civil Procedure applicable to all class actions, namely: (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy of representation."  (*Hanlon v. Chrysler Corp.* (9th Cir. 1998) 150 F.3d 1011, 1019.)

At this stage, the Court only needs to make a preliminary determination as to the appropriateness of class certification for settlement purposes, not trial.  In 2018, Congress changed Rule 23 by authorizing a court to send notice of a proposed settlement to the class if the parties have demonstrated that it is "likely" the court will be able to approve the settlement and "certify the class for purposes of judgment on the proposal" after a notice and objection period.  (Fed. Rules Civ. Proc., rule 23(e)(1); Conte & Newberg, *Newberg on Class Actions*, (4th ed. 2002) § 13:17.) The 2018 Advisory Committee Notes further explain:

> if a class has not been certified, the parties must ensure that the court has a basis for concluding that it likely will be able, after the final hearing, to certify the class. Although ***the standards for certification differ for settlement and litigation purposes***, the court cannot make the decision regarding the prospects for certification without a suitable basis in the record. ***The ultimate decision to certify the class for purposes of settlement cannot be made until the hearing on final approval of the proposed settlement***.

Fed. Rules Civ. Proc., rule 23(e)(1) advisory committee's notes to 2018 amendment (emphasis added).

///

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

### 1.    The Elements of Rule 23(A) Are Satisfied

#### a)    *Rule 23(a)(1): Numerosity*

The first requirement of Rule 23(a) is that the class be so numerous that joinder of all members would be "impracticable."  (*See* Fed. Rules Civ. Proc., rule 23(a)(1).)  Numerosity is satisfied with as few as 50-60 class members.  (*See Welling v. Allexy*, (N.D. Cal. 1994) 155 F.R.D. 654, 656.)  Here, numerosity is satisfied because there are approximately 152 Settlement Class Members – all of whom are identifiable from Defendant's records.  (DeSario Decl., ¶ 16.)

#### b)    *Rule 23(a)(2): Commonality*

Rule 23(a) also requires "questions of law or fact common to the class."  (Fed. Rules Civ. Proc., rule 23(a)(2).)  The commonality requirement is permissively construed by the Ninth Circuit such that the "existence of shared legal issues with divergent factual predicates is sufficient, as is a common core of salient facts coupled with disparate legal remedies within the class."  (*Hanlon,* 150 F.3d at 1019.)  Plaintiff meets the criteria of Rule 23(a)(2) because the Settlement Class Members' claims turn upon answers to overarching common questions regarding Defendant's policies and procedures that are capable of class-wide resolution for settlement purposes, including whether Defendant had legally compliant policies and practices to correctly pay all meal and rest period premium wages owed to Settlement Class Members.

#### c)    *Rule 23(a)(3): Typicality*

Plaintiff must establish that the "claims or defense of the representative parties are typical of the claims or defenses of the class."  (Fed. Rules Civ. Proc., rule 23(a)(3).)  This is a permissive standard that is met so long as the representative claims "are reasonably coextensive with those of absent class members."  (*Hanlon*, 150 F.3d at 1020.)  Here, the named Plaintiff was subject to the same policies that were challenged in the First Amended Complaint and all other filings.

#### d)    *Rule 23(a)(4): Adequacy of Representation*

Rule 23 also requires that "the representative parties fairly and adequately protect the interests of the class."  (Fed. Rules Civ. Proc., rule 23(a)(4).)  To satisfy this element, Plaintiff must establish that: (1) the class representatives do not have a conflict of interest; and (2) class

counsel will adequately represent the interests of the class.  (*See Lerwill v. Inflight Motion Pictures, Inc.* (9th Cir. 1978) 582 F.2d 507, 512.)  Here, there is no conflict of interest between the Class Representatives and the proposed settlement class.  Furthermore, Plaintiff and Class Counsel are well qualified and willing to vigorously prosecute the interests of the Class.  Indeed, Class Counsel are well-regarded and accomplished attorneys who are qualified and experienced in wage-and-hour class action litigation.  (DeSario Decl., ¶¶ 34-43.)  Therefore, the adequacy requirement is satisfied.

## 2.    The Elements of Rule 23(b)(3) Are Satisfied

In the Ninth Circuit, the general rule is that predominance is readily satisfied in the settlement context.  (*In re Hyundai & Kia Fuel Econ. Litig.* ("*Hyundai II*"), (9th Cir. 2019) 926 F.3d 539.)  This legal principle is set forth in detail in *Hyundai II*.

In *Hyundai II*, a putative class of consumers sued the automaker Hyundai under California consumer-protection law, among other claims, alleging that Hyundai "misled consumers throughout the United States by advertising inflated fuel economy standards" in particular vehicles.  (*Id*. at 553.)  The district court considered class certification for trial and for settlement.  At first the court indicated that it was likely to deny class certification for trial.  (*In re Hyundai & Kia Fuel Econ. Litig.* ("*Hyundai I*"), (9th Cir. 2018) 881 F.3d 679, 692-93 (citing *Mazza v. Am. Honda Motor Co., Inc.*, (9th Cir. 2012) 666 F.3d 581, 590-92).)  Later, when asked to certify a class for settlement purposes, the district court determined that "such an [extensive choice-of-law] analysis," as *Mazza* required, "was not warranted in the settlement context." (*Id*. at 700.)  Instead, consistent with *Hanlon v. Chrysler Corp.* (9th Cir. 1998) 150 F.3d 1011, the district court held that common questions, such as "[w]hether the fuel economy statements were in fact accurate" and "whether defendants knew that their fuel economy statements were false or misleading," predominated.  (*Id*. at 708 (Nguyen, J., dissenting) (alteration in original).)

The Ninth Circuit reviewed the decision and a three-judge panel relied on *Mazza v. Am. Honda Motor Co.* (9th Cir. 2012) 666 F.3d 581 to reverse on appeal.  (*Id*. at 702-03 (majority opinion).)  The panel reasoned that, "[i]n failing to apply California choice of law rules, the district court committed a legal error" because, "[a]s explained in *Mazza*, the district court was required

PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

to apply California's choice of law rules." (*Hyundai I,* 881 F.3d at 702.)  The distinction between certifying a class for trial or settlement, the panel concluded, was immaterial. (*Id*. at 702-03.)

An *en banc* panel of the Ninth Circuit then reversed that decision after a rehearing.  The *en banc* panel clarified that "[t]he criteria for class certification are applied differently in litigation classes and settlement classes." (*Hyundai II*, 926 F.3d at 556.)  In the settlement context, a district court assessing predominance "need not inquire whether the case, if tried, would present intractable management problems."  (*Id*. at 558 (quoting *Amchem Prods., Inc. v. Windsor* (1997) 521 U.S. 591, 620).)  Reaffirming *Hanlon*, the *en banc* panel explained that common issues like whether the fuel economy statements were inaccurate and whether the automakers knew about the inaccuracy were the sort of "common course of conduct by [a] defendant" that can establish predominance. (*Id*. at 559.)

Certification of a class for settlement purposes here is consistent with *Hyundai II* because, again, certification is <u>not</u> being sought in the context of trial and, as discussed below, there are many common issues among the class.

## B.    The Settlement Is Fair, Reasonable, and Adequate

"[T]here is a strong judicial policy that favors settlements, particularly where complex class action litigation is concerned." (*In re Syncor ERISA Litig.* (9th Cir. 2008) 516 F.3d 1095, 1101; *see also Hanlon*, 150 F.3d at 1027 (endorsing the trial court's "proper deference to the private consensual decision of the parties" when approving a settlement).)  This policy guides the Court in determining whether a settlement is "fair, reasonable, and adequate." (Fed. Rules Civ. Proc., rule 23(e)(1).)

In determining whether a settlement is "fair, reasonable, and adequate", this Court may consider the following factors: (1) the strength of the plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members to the proposed settlement. (*See Rodriguez v. West Publ'g Corp.* (9th Cir. 2003) 563 F.3d 948, 963.)

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12ᵗʰ Floor
Los Angeles, CA 90010-1137

PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

Plaintiff addresses each relevant factor below.[1]

### 1.   The Strength of Plaintiff's Case

Although Plaintiff steadfastly maintains that his claims are meritorious, Plaintiff acknowledges that Defendant possessed legitimate defenses to liability and certification. Second, even if Plaintiff prevailed at certification, Defendant could have successfully asserted defenses to Plaintiff's wage statement and waiting time penalties claims.   For example, Defendant possessed strong defenses to these derivative claims, since it can argue a "good-faith" dispute that any wages were due, thereby precluding the imposition of penalties.  (*See* 8 Cal. Code Regs. § 13520 (a "good-faith" dispute exists to waiting time penalties "when an employer presents a defense, based in law or fact which, if successful, would preclude any recovery on the part of the employee.  The fact that a defense is ultimately unsuccessful will not preclude a finding that a good faith dispute did exist."); *see also Naranjo v. Spectrum Sec. Servs., Inc.* (2023) 88 Cal.App.5th 937, 951 (applying a "willfulness" standard to the imposition of wage statement penalties under Labor Code § 226).)

In short, Plaintiff's ability to certify, and prevail on his claims were far from guaranteed. Indeed, "[i]n most situations, unless the settlement is clearly inadequate, its acceptance and approval are preferable to lengthy and expensive litigation with uncertain results." (*Nat'l Rural Telecomm. Coop. v. DIRECTTV, Inc.* (C.D. Cal. 2004) 221 F.R.D. 523, 526 (internal quotations omitted).)  Thus, this factor supports preliminary approval.

### 2.   Risk, Expense, Complexity, and Duration of Further Litigation

The Parties have already expended significant resources litigating this case.   This settlement avoids the risk of future litigation and the accompanying additional expense.  (*See, e.g., In re Portal Software, Inc. Securities Litig.* (N.D. Cal. Nov. 26, 2007) No. C-03-5138 VRW, 2007 WL 4171201, at *3 (noting that the "inherent risks of proceeding to summary judgment, trial and appeal also support the settlement").)

---

[1] Because there are no government participants in the Lawsuits, Plaintiff has omitted the seventh factor from discussion.  Should the Court grant preliminary approval of the proposed settlement such that notice is given to the Settlement Class Members, Plaintiff will address the eighth factor in their motion for final approval.

PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

### 3. Risk of Maintaining Class Action Status

The Court has not ruled on class certification as to Plaintiff's claims for unpaid work time, meal period violations, and rest period violations. There would therefore be a risk that the Court would deny the certification of the class. Thus, this factor, too, supports preliminary approval of the settlement.

### 4. Amount Offered in Settlement Given Realistic Value of Claims.

As detailed immediately below, the Settlement provides a monetary recovery for the Settlement Class in the face of hotly disputed claims in this matter. Thus, preliminary approval is appropriate.

In preparation for mediation, Defendant provided Plaintiff's counsel with randomized timekeeping and payroll records for the putative class members. Plaintiff's counsel hired an expert to analyze this data and create a damages model. The damages model is based on an estimated 15,830 workweeks worked by putative class members and an average hourly rate of $23.19 per hour. (DeSario Decl. ¶ 16.)

Based on the class size, assuming Plaintiff was able to prove all of his claims, Plaintiff estimates that Defendant's potential liability for failure to pay for all hours worked, failure to provide meal periods, and failure to authorize and permit rest periods to be millions of dollars. (DeSario Decl. ¶ 21.) Defendant vigorously disputes Plaintiff's estimate and denies that any of Plaintiff's claims have any merit. (*Id.* at 17.)

With respect to the failure to pay meal and rest period premium wages claims, failure to pay off the clock wages claim, and failure to reimburse business expenditures claim, Plaintiff's estimates that Defendant's potential maximum liability is more than $3 million, while its realistic liability is approximately $665,770.15. (*Id.* at ¶ 21.)

Weighing these factors, Plaintiff's counsel believes that the $350,000.00 settlement amount is fair, reasonable, and adequate. (DeSario Decl. ¶ 23.) The amount compensates Settlement Class Members for Plaintiff's claims while avoiding the risk of continued litigation. (*Id.*)

///

PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

### 5.    Discovery Completed and the Status of Proceedings

The parties engaged in a significant amount of investigation, formal and informal discovery, and analysis prior to reaching the proposed settlement. (*Id.* at ¶ 14.)  Defendant responded to Plaintiff's formal and informal discovery in preparation for mediation, provided extensive information on the company's wage and hour policies and practices, provided the contact information for the Settlement Class Members, and produced thousands of pages of relevant documents.  (*Id.*)  It was only after the exchange of a substantial amount of data and information that the parties participated in a full-day mediation sessions and ultimately reached this proposed settlement.  (*Id.*)

### 6.    The Experience and Views of Counsel.

"Parties represented by competent counsel are better positioned than courts to produce a settlement that fairly reflects each party's expected outcome in litigation."  (*In re Pac. Enter. Sec. Litig.* (9th Cir. 1995) 47 F.3d 373, 378.)  Here, Plaintiff is represented by experienced wage and hour class action counsel who pressed Plaintiff's claims forward against a large employer who retained the well-regarded firm Kabat Chapman & Ozmer LLP, which regularly litigates large, high-stakes class action cases throughout the country.  (DeSario Decl., ¶¶ 34-43.)  Therefore, this factor strongly supports preliminary approval.  (*See, e.g., Gribble v. Cool Transports Inc.* (C.D. Cal. Dec. 15, 2008) No. CV 06-04863 GAF SHx, 2008 WL5281665, at *9 ("Great weight is accorded to the recommendation of counsel, who are most closely acquainted with the facts of the underlying litigation.").)

### C.    The Settlement Meets the Requirements for Preliminary Approval

At this stage, the Court can grant preliminary approval of the settlement and direct that notice be given if the proposed settlement: (1) falls within the range of possible approval; (2) appears to be the product of serious, informed and non-collusive negotiations; and (3) has no obvious deficiencies.  (*See* Manual for Complex Litigation (3d ed. 1995) § 30.41; Conte & Newberg, *Newberg on Class Actions* (4th ed. 2002) § 11:24-25.)  These criteria are met here.

///

///

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12ᵗʰ Floor
Los Angeles, CA 90010-1137

### 1.    The Settlement is Within the Range of Possible Approval

As detailed above, the proposed settlement reflects a substantial recovery in light of real litigation risks to both merits and certification.  Thus, the proposed settlement is within the range of possible approval, such that notice should be provided to the settlement class so that they can consider the settlement.  (*In re Mego Fin. Corp. Sec. Litig.* (9th Cir. 2000) 213 F.3d 454, 459 ("the Settlement amount of almost $2 million was roughly one-sixth of the potential recovery, which, given the difficulties in proving the case, is fair and adequate").)  The Court will have the opportunity to again assess the reasonableness of the settlement after the Settlement Class has the opportunity to opt-out or object.

### 2.    The Settlement Resulted from Serious, Informed and Non-Collusive Negotiations.

The Settlement is the product of a mediation session with the assistance of a highly experienced wage and hour mediator, Phillip K. Cha, Esq.  (*In re Apple Computer, Inc. Derivative Litig.* (N.D. Cal. Nov. 5, 2008) No. C 06-4128 JF (HRL), 2008 U.S. Dist. LEXIS 108195 (mediator's participation weighs considerably against any inference of a collusive settlement), *D'Amato v. Deutsche Bank* (2d Cir. 2001) 236 F.3d 78, 85 (a "mediator's involvement in pre-certification settlement negotiations helps to ensure that the proceedings were free of collusion and undue pressure."))  At all times, the Parties' negotiations were adversarial and non-collusive.

### 3.    The Settlement is Devoid of Obvious Deficiencies

The settlement contains none of the provisions that courts sometimes identify as causes for concern.

#### a)    *The Settlement terms are fair and reasonable*

There are no deficiencies in the terms of the settlement.  The settlement provides for a pro rata distribution of the Net Settlement Fund based on each Settlement Class Member's pay periods worked during the class period.  In addition, Settlement Class Members will not have to make claims to receive a settlement payment.  Each Settlement Class Member who can be located will be mailed a payment automatically.  To protect the interests of all Settlement Class

Members, the settlement incorporates procedures to ensure that as many Settlement Class Members as possible can be located. Also, the release given by Settlement Class Members is limited to those claims that were or could have been alleged in the Operative Complaint, and the other pleadings filed in the Lawsuits (as defined in the Settlement Agreement) by or on behalf of the Plaintiff.

**b)** *The Class Representatives will not receive disproportionate payments to those of class members*

The Class Representative will not receive any premium above the amounts received by other Settlement Class Members, but instead will receive settlement shares calculated by the same method. Although the Class Representative will be eligible to receive an Enhancement Award in addition to his Individual Settlement Payment, the settlement is not contingent on Court approval of the Enhancement Award. Any amount that is not approved by the Court will be added to the Net Settlement Fund for Settlement Class Member Individual Settlement Payments.

Moreover, the proposed $5,000.00 incentive award to the Class Representative is within the range that courts in this circuit routinely approve. (*See, e.g.*, *Hightower v. JP Morgan Chase Bank, NA* (C.D. Cal. Aug. 4, 2015) No. CV 11-1802 PSG, 2015 WL 9664959, at *12 (approving $10,000 incentive awards to each of seven lead plaintiffs in $12 million wage and hour settlement); *LaFleur v. Med. Mgmt. Int'l, Inc.* (C.D. Cal. June 5, 2014) No. EDCV 13–00398–VAP (OPx), 2014 WL 2967475, at *8 (approving incentive awards of $15,000 each to two class representatives from $535,000 wage and hour class action settlement).) The total of $5,000.00 in a proposed incentive award comprises a mere 1.4% of the gross settlement amount of $350,000.00, and it is therefore well within the range of reasonableness. (*See, e.g.*, *In re On-Line DVD Rental Antitrust Litig.* (9th Cir. 2015) 779 F.3d 934, 937-38 (approving incentive awards that comprised in the aggregate less than 1% of gross settlement value).) Plaintiff will provide a declaration in support of final approval detailing his active participation and the services he provided to the class.

///

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

**WILSHIRE LAW FIRM, PLC**
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

c)      *The Settlement's provisions for attorneys' fees and costs are in the range that is routinely approved*

The attorneys' fees and costs provisions of the Settlement are similarly fair and reasonable.  The settlement permits Class Counsel to seek attorneys' fees of up to one-third of the gross settlement amount of $350,000.00, or $116,666.67.  A fee award of one-third of the common fund is consistent with fee awards made by federal courts in the Ninth Circuit.  (*See, e.g., In re Pac. Enter. Sec. Litig.*, 47 F.3d at 378-79 (affirming fee award of one-third of settlement); *Singer v. Becton Dickinson & Co.*, No. 08-821 IEG, 2010 WL 2196104, at *8-9 (S.D. Cal. Jun. 1, 2010) (33.33% of wage and hour settlement "falls within the typical range ... in similar cases"; citing awards of 33.33%-40%); *Stuart v. Radioshack Corp.* (N.D. Cal. Aug. 9, 2010) No. C-07-4499 EMC, 2010 WL 3155645, at *6 (awarding one-third of settlement fund in wage-and-hour class action and noting that "[t]his is well within the range of percentages which courts have upheld as reasonable in other class action lawsuits").)

Class Counsel will file a separate motion for attorneys' fees and costs pursuant to Federal Rule 23(h) two weeks before the deadline for Settlement Class Members to opt-out or object to afford Settlement Class Members a full opportunity to review and comment on it.  *(See In re Mercury Interactive Corp. Sec. Litig.* (9th Cir. 2010) 618 F.3d 988, 991.)

**D.      The Court Should Approve the Proposed Class Notice**

Rule 23(c)(2)(B) requires that absent class members receive the "best notice that is practicable under the circumstances."  (Fed. Rules Civ. Proc., rule 23 (c)(2)(B).)  "Notice is satisfactory if it generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard." (*Churchill Vill., LLC v. Gen. Elec.* (9th Cir. 2004) 361 F.3d 566, 575 (internal quotations marks and citations omitted). Such notice is reasonable if mailed to each member of a settlement class "who can be identified through reasonable effort." (*Eisen v. Carlisle & Jacquelin* (1974) 417 U.S. 156, 176.)

The proposed Notice meets all of the requirements.  The Notice will be provided in English and Spanish.  The Notice explains in plain and easily understood language: what the case is about; the class definition and claims; the settlement amount and approximate individual amount each

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

Settlement Class Member will receive; the requested amounts to be paid to Class Counsel and as Enhancement Award to the Class Representative; the rights of Settlement Class Members to appear through attorneys; the rights of Settlement Class Members to opt-out or object to the Settlement's terms and the process by which they can do so; the binding effect of the Settlement on those who do not request exclusion, including a description of the claims being released; and the particulars of the final fairness hearing.  Settlement Class Members whose Notices do not have to be remailed will have 60 days to decide whether to opt out or object to the Settlement.  (*See* Settlement, Ex. A (Class Notice).)  The deadlines for Class Members' written objections, challenges to Class Period Workweeks, and Requests for Exclusion will be extended an additional 14 days beyond the 60 days otherwise provided in the Class Notice for all Class Members whose notice is re-mailed. (Settlement, § 7.4.4.)

The Parties' proposed plan for directing notice to the Class is also "the best notice that is practicable under the circumstances."  Using last-known addresses provided by Defendant, the Settlement Administrator will send the Notice by First Class U.S. Mail to all Settlement Class Members.  Further, the Settlement Administrator will perform skip traces to obtain the correct address of any Settlement Class Members for whom the Notice is returned as undeliverable and shall attempt re-mailings where new addresses are ascertained.

For these reasons, the Settlement's plan for directing notice to Settlement Class Members satisfies Rule 23(c)(2)(B).  (*See, e.g., Wright v. Linkus Enter., Inc.* (E.D. Cal. 2009) 259 F.R.D. 468, 475; *Misra v. Decision One Mortg. Co.* (C.D. Cal. Apr. 13, 2009) No. 07-0994 DOC, 2009 WL 4581276, *9.)

### E.    The Court Should Set a Schedule for Final Approval

Because the case meets the requirements for certification of a settlement class and the Settlement meets the requirements for preliminary approval, the Court should direct notice to issue and set a final fairness hearing to decide whether to grant final approval to the Settlement, as well as whether to grant the Class Representative's application for an award of service payments and Class Counsel's motion for attorney's fees and costs.  (*See* Fed. Rules Civ. Proc., rule 23(e)(2).

Plaintiff requests that the Court set the Fairness Hearing for December 29, 2025 or the earliest available date thereafter. As reflected in the proposed order submitted herewith, Plaintiff further request that the Court order the following briefing schedule:

| | |
|---|---|
| Plaintiff's motion for attorneys' fees and costs | 14 days before the deadline for Settlement Class Members to submit objections to the settlement |
| Plaintiff's motion for final approval of the settlement and for Class Representative service payments | 28 days before the Final Approval Hearing |
| Defendant's Counsel shall file with the Court a declaration attesting that CAFA Notice has properly been served pursuant to 28 U.S.C. §1715 | 14 days before the Final Approval hearing |
| Reply briefs, if any | 14 days before the Final Approval hearing |

## IV.   <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff's counsel respectfully requests that the Court grant preliminary approval of the proposed class action settlement.


                                    Respectfully submitted,

Dated: February 28, 2025            **WILSHIRE LAW FIRM, PLC**


                            By:   _/s/ Arsiné Grigoryan_____
                                    Molly DeSario
                                    Arsiné Grigoryan
                                    Bradford Smith

                                    Attorneys for Plaintiff

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12ᵗʰ Floor
Los Angeles, CA 90010-1137