Exhibit 1

# CLASS ACTION SETTLEMENT AGREEMENT ANDCLASS NOTICE

This Class Action Settlement Agreement ("Agreement") is made by and between plaintiff Jose Arellano ("Plaintiff") and defendant TruRoots, LLC ("Defendant"). The Agreement refers to Plaintiff and Defendant collectively as "Parties," or individually as "Party."

1. **DEFINITIONS**.

   1.1.    "Action" means the Plaintiff's lawsuit alleging wage and hour violations against Defendant captioned *Jose Arellano v. The J.M. Smucker Company, et al.,* Case No. 2:23-cv-01540 WBS DMC, initiated on April 27, 2023 and pending in United States District Court, Eastern District of California.

   1.2.    "Administrator" means Phoenix Settlement Administrators, the neutral entity the Parties have agreed to appoint to administer the Settlement.

   1.3.    "Administration Expenses Payment" means the amount the Administrator will be paid from the Gross Settlement Amount to reimburse its reasonable fees and expenses in accordance with the Administrator's "not to exceed" bid submitted to the Court in connection with Preliminary Approval of the Settlement.

   1.4.    "Class" means all persons employed by Defendant in California and classified as hourly-paid or non-exempt employee who worked for Defendant or Defendant's predecessor during the Class Period.

   1.5.    "Class Counsel" means Justin F. Marquez, Arsiné Grigoryan, and Dorota James of Wilshire Law Firm PLC.

   1.6.    "Class Counsel Fees Payment" and "Class Counsel Litigation Expenses Payment" mean the amounts allocated to Class Counsel for reimbursement of reasonable attorneys' fees and expenses, respectively, incurred to prosecute the Action.

   1.7.    "Class Data" means Class Member identifying information in Defendant's possession including the Class Member's name, last-known mailing address, Social Security Number, and number of Class Period Workweeks.

   1.8.    "Class Member" or "Settlement Class Member" means a member of the Class, as either a Participating Class Member or Non-Participating Class Member.

   1.9.    "Class Member Address Search" means the Administrator's investigation and search for current Class Member mailing addresses using all reasonably available sources, methods ad means including, but not limited to, the National Change of Address database, skip traces, and direct contact by the Administrator with Class Members.

1.10.    "Class Notice" means the COURT APPROVED NOTICE OF CLASS ACTION SETTLEMENT AND HEARING DATE FOR FINAL COURT APPROVAL, to be mailed to Class Members in English, with a Spanish translation, if applicable, in the form, without material variation, attached as Exhibit A and incorporated by reference into this Agreement.

1.11.    "Class Period" means the period from October 31, 2018 through the date of the hearing on Plaintiff's Motion for Preliminary Approval of Class Action Settlement.

1.12.    "Class Representative" means the named Plaintiff in the operative complaint inthe Action seeking Court approval to serve as a Class Representative.

1.13.    "Class Representative Service Payment" means the payment to the Class Representative for initiating the Action and providing services in support of the Action.

1.14.    "Court" means the United States District Court, Eastern District of California.

1.15.    "Defendant" means named Defendant TruRoots, LLC.

1.16.    "Defense Counsel" means Joseph W. Ozmer, II, Nathan D. Chapman and Paul G. Sherman of KABAT CHAPMAN & OZMER LLP.

1.17.    "Effective Date" means the date by when both of the following have occurred: (a) the Court enters a Judgment on its Order Granting Final Approval of the Settlement; and (b) the Judgment is final. The Judgment is final as of the latest of the following occurrences: (a) if no Participating Class Member objects to the Settlement, the day the Court enters Judgment; (b) if one or more Participating Class Members objects to the Settlement, the day after the deadline for filing a notice of appeal from the Judgment; or if a timely appeal from the Judgment is filed, the day after the appellate court affirms the Judgment and issues a remittitur.

1.18.    "Final Approval" means the Court's order granting final approval of the Settlement.

1.19.    "Final Approval Hearing" means the Court's hearing on the Motion for Final Approval of the Settlement.

1.20.    "Final Judgment" means the Judgment Entered by the Court upon Granting Final Approval of the Settlement.

1.21.    "Gross Settlement Amount" means $350,000.00 which is the total amount Defendant agrees to pay under the Settlement except as provided in Paragraph 9 below. The Gross Settlement Amount will be used to pay Individual Class Payments, Class Counsel Fees, Class Counsel Expenses, Class Representative Service Payment and the Administrator's Expenses.

1.22.    "Individual Class Payment" means the Participating Class Member's pro rata

2

share of the Net Settlement Amount calculated according to the number of Workweeks worked during the Class Period.

1.23.    "Judgment" means the judgment entered by the Court based upon the Final Approval.

1.24.    "Net Settlement Amount" means the Gross Settlement Amount, less the following payments in the amounts approved by the Court: Class Representative Service Payment, Class Counsel Fees Payment, Class Counsel Litigation Expenses Payment, and the Administration Expenses Payment. The remainder is to be paid to Participating Class Members as Individual Class Payments.

1.25.    "Non-Participating Class Member" means any Class Member who opts out of the Settlement by sending the Administrator a valid and timely Request for Exclusion.

1.26.    "Participating Class Member" means a Class Member who does not submit a valid and timely Request for Exclusion from the Settlement.

1.27.    "Plaintiff" means Jose Arellano, the named plaintiff in the Action.

1.28.    "Preliminary Approval" means the Court's Order Granting Preliminary Approval of the Settlement.

1.29.    "Preliminary Approval Order" means the proposed Order Granting Preliminary Approval.

1.30.    "Released Class Claims" means the claims being released as described in Paragraph 5 below.

1.31.    "Released Parties" means Defendant and each of its former and present directors, officers, shareholders, owners, members, attorneys, insurers, predecessors, successors, assigns, parents, subsidiaries, and affiliates.

1.32.    "Request for Exclusion" means a Class Member's submission of a written request to be excluded from the Class Settlement signed by the Class Member.

1.33.    "Response Deadline" means 60 days after the Administrator mails Notice to Class Members and shall be the last date on which Class Members may: (a) fax, email, or mail Requests for Exclusion from the Settlement, or (b) fax, email, or mail his or her Objection to the Settlement. Class Members to whom Notice Packets are resent after having been returned undeliverable to the Administrator shall have an additional 14 calendar days beyond the Response Deadline has expired.

1.34.    "Settlement" means the disposition of the Action effected by this Agreement and the Judgment.

1.35.    "Workweek" means any week during which a Class Member worked for

Defendant for at least some amount of time, during the Class Period.

## 2. **RECITALS**.

2.1.    On April 27, 2023, Plaintiff commenced this Action by filing a Complaint alleging causes of action against Defendant The J.M. Smucker Company and other Defendants, including Smucker Natural Foods, Inc., for failure to pay minimum and straight time wages, failure to pay overtime wages, failure to provide meal periods, failure to authorize and permit rest periods, failure to timely pay final wages at termination, failure to provide accurate itemized wage statements, failure to produce requested employment records, and unfair business practices. On February 2, 2022, Smucker Natural Foods, Inc. was legally converted into Smucker Natural Foods, LLC. Effective March 16, 2022, Smucker Natural Foods, LLC was legally converted into TruRoots, LLC, which is the successor entity with respect to all liabilities for any wages, damages or penalties owed to Class Members formerly employed by J.M. Smucker and/or Smucker Natural Foods pursuant to Labor Code Section 200.3. On May 30, 2023, Plaintiff filed a First Amended Complaint adding Defendant TruRoots, LLC as a named Defendant. The First Amended Complaint is the operative complaint in the Action (the "Operative Complaint.") Defendant denies the allegations in the Operative Complaint, denies any failure to comply with the laws identified in in the Operative Complaint and denies any and all liability for the causes of action alleged.

2.2.    On May 21, 2024, the Parties participated in an all-day mediation presided over by Phillip K. Cha, Esq., which led to this Agreement to settle the Action.

2.3.    Prior to mediation, Plaintiff obtained, through informal discovery, documents relevant to the case, including Plaintiff's personnel file, a sampling of time and pay records for the class, and Defendant's policies and procedures relating to Plaintiff's claims. Plaintiff's investigation was sufficient to satisfy the criteria for court approval set forth in Fed. R. Civ. P. 23(e) and *Hanlon v. Chrysler Corp.*, 150 F.3d 1011 (9th Cir. 1998).

2.4.    The Court has not granted class certification.

2.5.    The Parties, Class Counsel and Defense Counsel represent that they are not aware of any other pending matter or action asserting claims that will be extinguished or affected by the Settlement.

## 3. **MONETARY TERMS.**

3.1.    <u>Gross Settlement Amount</u>. Except as otherwise provided by Paragraph 9 below, Defendant promises to pay $350,000.00 and no more as the Gross Settlement Amount, which includes any and all employee payroll taxes owed on the Wage Portions of the Individual Class Payments, but excludes Defendant's portion of employer payroll taxes, which shall be separately funded. Defendant has no obligation to pay the Gross Settlement Amount prior to the deadline stated in Paragraph 4.4 of this Agreement. The Administrator will disburse the entire Gross Settlement Amount without asking or

requiring Participating Class Members to submit any claim as a condition of payment. None of the Gross Settlement Amount will revert to Defendant.

3.2.    <u>Payments from the Gross Settlement Amount</u>. The Administrator will make and deduct the following payments from the Gross Settlement Amount, in the amounts specified by the Court in the Final Approval:

3.2.1.    <u>To Plaintiff</u>: Class Representative Service Payment to the Class Representative of not more than $5,000.00 (in addition to any Individual Class Payment the Class Representative is entitled to receive as a Participating Class Member). Defendant will not oppose Plaintiff's request for a Class Representative Service Payment that does not exceed this amount. As part of the motion for Class Counsel Fees Payment and Class Litigation Expenses Payment, Plaintiff will seek Court approval for any Class Representative Service Payments no later than 16 court days prior to the Final Approval Hearing. If the Court approves a Class Representative Service Payment less than the amount requested, the Administrator will retain the remainder in the Net Settlement Amount. The Administrator will pay the Class Representative Service Payment using IRS Form 1099. Plaintiff assumes full responsibility and liability for employee taxes owed on the Class Representative Service Payment.

3.2.2.    <u>To Class Counsel</u>:  A Class Counsel Fees Payment of not more than 33 1/3%, which is currently estimated to be $116,666.67 and a Class Counsel Litigation Expenses Payment of not more than $17,000.00. Defendant will not oppose requests for these payments provided that do not exceed these amounts. Plaintiff and/or Class Counsel will file a motion for Class Counsel Fees Payment and Class Litigation Expenses Payment no later than 16 court days prior to the Final Approval Hearing. If the Court approves a Class Counsel Fees Payment and/or a Class Counsel Litigation Expenses Payment less than the amounts requested, the Administrator will allocate the remainder to the Net Settlement Amount. Released Parties shall have no liability to Class Counsel or any other Plaintiff's Counsel arising from any claim to any portion any Class Counsel Fee Payment and/or Class Counsel Litigation Expenses Payment.  The Administrator will pay the Class Counsel Fees Payment and Class Counsel Expenses Payment using one or more IRS 1099 Forms. Class Counsel assumes full responsibility and liability for taxes owed on the Class Counsel Fees Payment and the Class Counsel Litigation Expenses Payment and holds Defendant harmless, and indemnifies Defendant, from any dispute or controversy regarding any division or sharing of any of these Payments.

3.2.3.    <u>To the Administrator</u>:  An Administrator Expenses Payment not to exceed $7,000 except for a showing of good cause and as approved by the Court. To the extent the Administration Expenses are less, or the Court approves payment less than $7,000, the Administrator will retain the remainder in the Net Settlement Amount.

3.2.4.    <u>To Each Participating Class Member</u>:  An Individual Class Payment calculated by (a) dividing the Net Settlement Amount by the total number of

Docusign Envelope ID: 5832A228-D926-4FF6-BB42-816E2DA87AF6

Workweeks worked by all Participating Class Members during the Class
Period and (b) multiplying the result by each Participating Class Member's
Workweeks.

3.2.4.1.    Tax Allocation of Individual Class Payments. 20% of each
Participating Class Member's Individual Class Payment will be allocated to
settlement of wage claims (the "Wage Portion"). The Wage Portions are subject to
tax withholding and will be reported on an IRS W-2 Form.  The remaining 80% of
each Participating Class Member's Individual Class Payment will be allocated to
settlement of claims for interest and penalties (the "Non-Wage Portion"). The Non-
Wage Portions are not subject to wage withholdings and will be reported on IRS
1099 Forms. Participating Class Members assume full responsibility and liability
for any employee taxes owed on their Individual Class Payment.

3.2.4.2.    Effect of Non-Participating Class Members on Calculation of
Individual Class Payments. Non-Participating Class Members will not receiveany
Individual Class Payments.  The Administrator will retain amounts equal to their
Individual Class Payments in the Net Settlement Amount for distribution to
Participating Class Members on a pro rata basis.

## 4.  SETTLEMENT FUNDING AND PAYMENTS.

4.1.    Class Workweeks.  Based on a review of its records to date, Defendant estimates
there are 152 Class Members who collectively worked a total of 15,830 Workweeks.

4.2.    Class Data. Not later than 15 days after the Court grants Preliminary Approval of
the Settlement, Defendant will simultaneously deliver the Class Data to the
Administrator, in the form of a Microsoft Excel spreadsheet, which shall not be
disclosed to Class Counsel or any third parties. To protect Class Members' privacy
rights, the Administrator must maintain the Class Data in confidence, use the Class Data
only for purposes of this Settlement and for no other purpose, and restrict access to
the Class Data to Administrator employees who need access to the Class Data to effect and
perform under this Agreement. Defendant has a continuing duty to immediately notify
Class Counsel if it discovers that the Class Data omitted class member identifying
information and to provide corrected or updated Class Data as soon as reasonably
feasible. Without any extension of the deadline by which Defendant must send the Class
Data to the Administrator, the Parties and their counsel will expeditiously use best
efforts, in good faith, to reconstruct or otherwise resolve any issues related to missing or
omitted Class Data.

4.3.    Funding of Gross Settlement Amount. Defendant shall fully fund the Gross
Settlement Amount, and also fund the amounts necessary to fully pay Defendant's share
of payroll taxes by transmitting the funds to the Administrator no later than 14 days
after the Effective Date.

4.4.    Payments from the Gross Settlement Amount. Within 14 days after Defendant
funds the Gross Settlement Amount, the Administrator will mail checks for all

Individual Class Payments, the Administration Expenses Payment, the Class Counsel Fees Payment, the Class Counsel Litigation Expenses Payment, and the Class Representative Service Payment. Disbursement of the Class Counsel Fees Payment, the Class Counsel Litigation Expenses Payment and the Class Representative Service Payment shall not precede disbursement of Individual Class Payments.

4.4.1.    The Administrator will issue checks for the Individual Class Payments and send them to the Class Members via First Class U.S. Mail, postage prepaid.  The face of each check shall prominently state the date (not less than 180 days after the date of mailing) when the check will be voided. The Administrator will cancel all checks not cashed by the void date. The Administrator will send checks for Individual Settlement Payments to all Participating Class Members (including those for whom Class Notice was returned undelivered). Before mailing any checks, the Settlement Administrator must update the recipients' mailing addresses using the National Change of Address Database.

4.4.2.    The Administrator must conduct a Class Member Address Search for all other Class Members whose checks are retuned undelivered without USPS forwarding address.  Within 7 days of receiving a returned check the Administrator must re-mail checks to the USPS forwarding address provided or to an address ascertained through the Class Member Address Search. The Administrator need not take further steps to deliver checks to Class Members whose re-mailed checks are returned as undelivered. The Administrator shall promptly send a replacement check to any Class Member whose original check was lost or misplaced, requested by the Class Member prior to the void date.

4.4.3.    For any Class Member whose Individual Class Payment check is uncashed and cancelled after the void date, the Administrator shall transmit the funds represented by such checks to the California Controller's Unclaimed Property Fund in the name of the Class Member thereby leaving no "unpaid residue" subject to the requirements of California Code of Civil Procedure Section 384, subd. (b).

4.4.4.    The payment of Individual Class Payments shall not obligate Defendant to confer any additional benefits or make any additional payments to Class Members (such as 401(k) contributions or bonuses) beyond those specified in this Agreement.

5. **RELEASES OF CLAIMS**. Effective on the date when Defendant fully funds the entire Gross Settlement Amount and funds all employer payroll taxes owed on the Wage Portion of the Individual Class Payments, Plaintiff, Class Members, and Class Counsel will release claims against all Released Parties as follows:

5.1    Plaintiff's Release. Plaintiff and his or her respective former and present spouses, representatives, agents, attorneys, heirs, administrators, successors, and assigns generally, release and discharge Released Parties from all claims, transactions, or occurrences that occurred during the Class Period, including, but not limited to: (a) all claims that were, or reasonably could have been, alleged, based on the facts contained, in the Operative Complaint. ("Plaintiff's Release.") Plaintiff's Release does not extend to

any claims or actions to enforce this Agreement, or to any claims for vested benefits, unemployment benefits, disability benefits, social security benefits, workers' compensation benefits that arose at any time, or based on occurrences outside the Class Period. Plaintiff acknowledges that Plaintiff may discover facts or law different from, or in addition to, the facts or law that Plaintiff now knows or believes to be true but agrees, nonetheless, that Plaintiff's Release shall be and remain effective in all respects, notwithstanding such different or additional facts or Plaintiff's discovery of them.

      5.1.1     <u>Plaintiff's Waiver of Rights Under California Civil Code Section 1542</u>. For purposes of Plaintiff's Release, Plaintiff expressly waives and relinquishes the provisions, rights, and benefits, if any, of section 1542 of the California Civil Code, which reads:

**A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release, and that if known by him or her would have materially affected his or her settlementwith the debtor or Released Party.**

    5.2    <u>Release by Participating Class Members:</u> All Participating Class Members, on behalf of themselves and their respective former and present representatives, agents, attorneys, heirs, administrators, successors, and assigns, release Released Parties from any and all claims asserted or that could have been asserted based on the facts pled in the Operative Complaint, including but not limited to, state wage and hour claims for any and all violations of California's Labor Code and Unfair Competition Law based on Defendant's failure to pay for all hours worked (including minimum, straight time, and overtime wages), failure to provide meal periods, failure to authorize and permit rest periods, failure to timely pay final wages at termination, failure to furnish accurate itemized wage statements, and failure to indemnify employees for expenditures based on the alleged Labor Code violations, and all damages, interest, penalties, attorneys' fees, costs, and other amounts recoverable under said causes of action under California law, to the extent permissible, including, but not limited to, the California Labor Code and the applicable Wage Orders. Except as set forth in Section 5.2 of this Agreement, Participating Class Members do not release any other claims, including claims for vested benefits, wrongful termination, violation of the Fair Employment and Housing Act, unemployment insurance, disability, social security, workers' compensation, or claims based on facts occurring outside the Class Period.

**6.    MOTION FOR PRELIMINARY APPROVAL.** The Parties agree to jointly prepare and file a motion for preliminary approval ("Motion for Preliminary Approval") that complies with the Court's requirements for Preliminary Approvals.

    6.1    <u>Plaintiff's Responsibilities</u>. Plaintiff will prepare and deliver to Defense Counsel all documents necessary for obtaining Preliminary Approval, including: (i) a draft of the notice, and memorandum in support, of the Motion for Preliminary Approval that includes an analysis of the Settlement under Fed. R. Civ. P. 23(e) and *Hanlon v. Chrysler Corp.*, 150 F.3d 1011 (9th Cir. 1998); (ii) a draft proposed Order Granting Preliminary Approval; (iii) a draft proposed Class Notice; (iv) a signed declaration from

the Administrator attaching its "not to exceed" bid for administering the Settlement and attesting to its willingness to serve; competency; operative procedures for protecting the security of Class Data; amounts of insurance coverage for any data breach, defalcation of funds or other misfeasance; all facts relevant to any actual or potential conflicts of interest with Class Members; and the nature and extent of any financial relationship with Plaintiff, Class Counsel or Defense Counsel; (v) a signed declaration from Plaintiff confirming willingness and competency to serve and disclosing all facts relevant to any actual or potential conflicts of interest with Class Members, and/or the Administrator; and (vi) a signed declaration from each Class Counsel firm attesting to its competency to represent the Class Members; and all facts relevant to any actual or potential conflict of interest with Class Members, and/or the Administrator. In their Declarations, Plaintiff and Class Counsel shall aver that they are not aware of any other pending matter or action asserting claims that will be extinguished or adversely affected by the Settlement.

6.2    <u>Responsibilities of Counsel</u>. Class Counsel and Defense Counsel are jointly responsible for expeditiously finalizing and filing the Motion for Preliminary Approval no later than 30 days after the full execution of this Agreement; obtaining a prompt hearing date for the Motion for Preliminary Approval; and for appearing in Court to advocate in favor of the Motion for Preliminary Approval. Class Counsel is responsible for delivering the Court's Preliminary Approval to the Administrator.

6.3    <u>Duty to Cooperate</u>. If the Parties disagree on any aspect of the proposed Motion for Preliminary Approval and/or the supporting declarations and documents, Class Counsel and Defense Counsel will expeditiously work together on behalf of the Parties by meeting in person or by telephone, and in good faith, to resolve the disagreement. If the Court does not grant Preliminary Approval or conditions Preliminary Approval on any material change to this Agreement, Class Counsel and Defense Counsel will expeditiously work together on behalf of the Parties by meeting in person or by telephone, and in good faith, to attempt to reach an agreement regarding modifications the Agreement and/or to otherwise satisfy the Court's concerns.

## 7.    SETTLEMENT ADMINISTRATION.

7.1    <u>Selection of Administrator</u>.  The Parties have jointly selected Phoenix Settlement Administrators to serve as the Administrator and verified that, as a condition of appointment, Phoenix Settlement Administrators agrees to be bound by this Agreement and to perform, as a fiduciary, all duties specified in this Agreement in exchange for payment of Administration Expenses. The Parties and their Counsel represent that they have no interest or relationship, financial or otherwise, with the Administrator other than a professional relationship arising out of prior experiences administering settlements.

7.2    <u>Employer Identification Number</u>. The Administrator shall have and use its own Employer Identification Number for purposes of calculating payroll tax withholdings and providing reports state and federal tax authorities.

7.3    <u>Qualified Settlement Fund</u>. The Administrator shall establish a settlement fund that meets the requirements of a Qualified Settlement Fund ("QSF") under US Treasury

Docusign Envelope ID: 5832A228-D926-4FF6-BB42-816E2DA87AF6

Regulation section 468B-1.

7.4     Notice to Class Members.

7.4.1     No later than three (3) business days after receipt of the Class Data, the Administrator shall notify Class Counsel that the list has been received and state the number of Class Members and Workweeks in the Class Data.

7.4.2     Using best efforts to perform as soon as possible, and in no event later than 14 days after receiving the Class Data, the Administrator will send to all Class Members identified in the Class Data, via first-class United States Postal Service ("USPS") mail, the Class Notice, with Spanish translation, if applicable, substantially in the form attached to this Agreement as Exhibit A. The first page of the Class Notice shall prominently estimate the dollar amounts of any Individual Class Payment payable to the Class Member, and the number of Workweeks used to calculate these amounts. Before mailing Class Notices, the Administrator shall update Class Member addresses using the National Change of Address database.

7.4.3     Not later than 3 business days after the Administrator's receipt of any Class Notice returned by the USPS as undelivered, the Administrator shall re-mail the Class Notice using any forwarding address provided by the USPS.  If the USPS does not provide a forwarding address, the Administrator shall conduct a Class Member Address Search, and re-mail the Class Notice to the most current address obtained.  The Administrator has no obligation to make further attempts to locate or send Class Notice to Class Members whose Class Notice is returned by the USPS a second time.

7.4.4     The deadlines for Class Members' written objections, Challenges to Workweeks and/or Pay Periods, and Requests for Exclusion will be extended an additional 14 days beyond the 60 days otherwise provided in the Class Notice for all Class Members whose notice is re-mailed. The Administrator will inform the Class Member of the extended deadline with the re-mailed Class Notice.

7.4.5     If the Administrator, Defendant or Class Counsel is contacted by or otherwise discovers any persons who believe they should have been included in the Class Data and should have received Class Notice, the Parties will expeditiously meet and confer in person or by telephone, and in good faith in an effort to agree on whether to include them as Class Members. If the Parties agree, such persons will be Class Members entitled to the same rights as other Class Members, and the Administrator will send, via email or overnight delivery, a Class Notice requiring them to exercise options under this Agreement not later than 14 days after receipt of Class Notice, or the deadline dates in the Class Notice, which ever are later.

7.5     Requests for Exclusion (Opt-Outs).

Docusign Envelope ID: 5832A228-D926-4FF6-BB42-816E2DA87AF6

7.5.1    Class Members who wish to exclude themselves (opt-out of) the Class Settlement must send the Administrator, by fax, email, or mail, a signed written Request for Exclusion not later than 60 days after the Administrator mails the Class Notice (plus an additional 14 days for Class Members whose Class Notice is re-mailed). A Request for Exclusion is a letter from a Class Member or his/her representative that reasonably communicates the Class Member's election to be excluded from the Settlement and includes the Class Member's name, address and email address or telephone number.  To be valid, a Request for Exclusion must be timely faxed, emailed, or postmarked by the Response Deadline.

7.5.2    The Administrator may not reject a Request for Exclusion as invalid because it fails to contain all the information specified in the Class Notice. The Administrator shall accept any Request for Exclusion as valid if the Administrator can reasonably ascertain the identity of the person as a Class Member and the Class Member's desire to be excluded.  The Administrator's determination shall be final and not appealable or otherwise susceptible to challenge. If the Administrator has reason to question the authenticity of a Request for Exclusion, the Administrator may demand additional proof of the Class Member's identity. The Administrator's determination of authenticity shall be final and not appealable or otherwise susceptible to challenge.

7.5.3    Every Class Member who does not submit a timely and valid Request for Exclusion is deemed to be a Participating Class Member under this Agreement, entitled to all benefits and bound by all terms and conditions of the Settlement, including the Participating Class Members' Releases under Paragraph 5.2 of this Agreement, regardless whether the Participating Class Member actually receives the Class Notice or objects to the Settlement.

7.5.4    Every Class Member who submits a valid and timely Request for Exclusion is a Non-Participating Class Member and shall not receive an Individual Class Payment or have the right to object to the class action components of the Settlement.

7.6    Challenges to Calculation of Workweeks. Each Class Member shall have 60 days after the Administrator mails the Class Notice (plus an additional 14 days for Class Members whose Class Notice is re-mailed) to challenge the number of Class Workweeks allocated to the Class Member in the Class Notice. The Class Member may challenge the allocation by communicating with the Administrator via fax, email or mail. The Administrator must encourage the challenging Class Member to submit supporting documentation. In the absence of any contrary documentation, the Administrator is entitled to presume that the Workweeks contained in the Class Notice are correct so long as they are consistent with the Class Data. The Administrator's determination of each Class Member's allocation of Workweeks shall be final and not appealable or otherwise susceptible to challenge. The Administrator shall promptly provide copies of all challenges to calculation of Workweeks to Defense Counsel and Class Counsel and the Administrator's determination the challenges.

11

7.7        Objections to Settlement.

    7.7.1        Only Participating Class Members may object to the class action components of the Settlement and/or this Agreement, including contesting the fairness of the Settlement, and/or amounts requested for the Class Counsel Fees Payment, Class Counsel Litigation Expenses Payment and/or Class Representative Service Payment.

    7.7.2        Participating Class Members may send written objections to the Administrator, by fax, email, or mail. In the alternative, Participating Class Members may appear in Court (or hire an attorney to appear in Court) to present verbal objections at the Final Approval Hearing. A Participating Class Member who elects to send a written objection to the Administrator must do so not later than 60 days after the Administrator's mailing of the Class Notice (plus an additional 14 days for Class Members whose Class Notice was re-mailed).

    7.7.3        Non-Participating Class Members have no right to object to any of the class action components of the Settlement.

7.8        Administrator Duties. The Administrator has a duty to perform or observe all tasks to be performed or observed by the Administrator contained in this Agreement or otherwise.

    7.8.1        Website, Email Address and Toll-Free Number. The Administrator will establish and maintain and use an internet website to post information of interest to Class Members including the date, time and location for the Final Approval Hearing and copies of the Settlement Agreement, Motion for Preliminary Approval, the Preliminary Approval, the Class Notice, the Motion for Final Approval, the Motion for Class Counsel Fees Payment, Class Counsel Litigation Expenses Payment and Class Representative Service Payment, the Final Approvaland the Judgment. The Administrator will also maintain and monitor an email address and a toll-free telephone number to receive Class Member calls, faxes and emails.

    7.8.2        Requests for Exclusion (Opt-outs) and Exclusion List. The Administrator will promptly review on a rolling basis Requests for Exclusion to ascertain their validity. Not later than 5 days after the expiration of the deadline for submitting Requests for Exclusion, the Administrator shall email a list to Class Counsel and Defense Counsel containing (a) the names and other identifying information of Class Members who have timely submitted valid Requests for Exclusion ("Exclusion List"); (b) the names and other identifying information of Class Members who have submitted invalid Requests for Exclusion; (c) copies of all Requests for Exclusion from Settlement submitted (whether valid or invalid).

    7.8.3        Weekly Reports. The Administrator must, on a weekly basis, provide written reports to Class Counsel and Defense Counsel that, among other things,

tally the number of: Class Notices mailed or re-mailed, Class Notices returned undelivered, Requests for Exclusion (whether valid or invalid) received, objections received, challenges to Workweeks received and/or resolved, and checks mailed for Individual Class Payments ("Weekly Report"). The Weekly Reports must include provide the Administrator's assessment of the validity of Requests for Exclusion and attach copies of all Requests for Exclusion and objections received.

7.8.4    <u>Workweek Challenges</u>. The Administrator has the authority to address and make final decisions consistent with the terms of this Agreement on all Class Member challenges over the calculation of Workweeks. The Administrator's decision shall be final and not appealable or otherwise susceptible to challenge.

7.8.5    <u>Administrator's Declaration</u>. Not later than 14 days before the date by which Plaintiff is required to file the Motion for Final Approval of the Settlement, the Administrator will provide to Class Counsel and Defense Counsel, a signed declaration suitable for filing in Court attesting to its due diligence and compliance with all of its obligations under this Agreement, including, but not limited to, its mailing of Class Notice, the Class Notices returned as undelivered, the re-mailing of Class Notices, attempts to locate Class Members, the total number of Requests for Exclusion from Settlement it received (both valid or invalid), the number of written objections and attach the Exclusion List. The Administrator will supplement its declaration as needed or requested by the Parties and/or the Court. Class Counsel is responsible for filing the Administrator's declaration(s) in Court.

7.8.6    <u>Final Report by Settlement Administrator</u>. Within 10 days after the Administrator disburses all funds in the Gross Settlement Amount, the Administrator will provide Class Counsel and Defense Counsel with a final report detailing its disbursements by employee identification number only of all payments made under this Agreement.  At least 15 days before any deadline set by the Court, the Administrator will prepare, and submit to Class Counsel and Defense Counsel, a signed declaration suitable for filing in Court attesting to its disbursement of all payments required under this Agreement. Class Counsel is responsible for filing the Administrator's declaration in Court.

**8.    CLASS SIZE ESTIMATES.**  Based on its records, Defendant estimates that, as of the date of this Settlement Agreement, there are 152 Class Members and 15,830 Total Workweeks during the Class period.

**9.    DEFENDANT'S RIGHT TO WITHDRAW.** If the number of valid Requests for Exclusion identified in the Exclusion List exceeds 5% of the total of all Class Members, Defendant may, but is not obligated, elect to withdraw from the Settlement. The Parties agree that, if Defendant withdraws, the Settlement shall be void *ab initio*, have no force or effect whatsoever,and that neither Party will have any further obligation to perform under this Agreement; provided, however, Defendant will remain responsible for paying all Settlement Administration Expenses incurred to that point. Defendant must notify Class

Counsel and the Court of its election to withdraw not later than seven days after the Administrator sends the final Exclusion List to Defense Counsel; late elections will have no effect.

10. **MOTION FOR FINAL APPROVAL.** Not later than 16 court days before the calendared Final Approval Hearing, Plaintiff will file in Court, a motion for final approval of the Settlement that includes a Proposed Final Approval Order and a proposed Judgment (collectively "Motion for Final Approval"). Plaintiff shall provide drafts of these documents to Defense Counsel not later than seven days prior to filing the Motion for Final Approval.  Class Counsel and Defense Counsel will expeditiously meet and confer in person or by telephone, and in good faith, to resolve any disagreements concerning the Motion for Final Approval.

   10.1    Response to Objections. Each Party retains the right to respond to any objection raised by a Participating Class Member, including the right to file responsive documents in Court no later than five court days prior to the Final Approval Hearing, or as otherwise ordered or accepted by the Court.

   10.2    Duty to Cooperate. If the Court does not grant Final Approval or conditions Final Approval on any material change to the Settlement (including, but not limited to, the scope of release to be granted by Class Members), the Parties will expeditiously work together in good faith to address the Court's concerns by attempting to reach agreement regarding revisions to the Agreement as necessary to obtain Final Approval. The Court's decision to award less than the amounts requested for the Class Representative Service Payment, Class Counsel Fees Payment, Class Counsel Litigation Expenses Payment and/or Administrator Expenses Payment shall not constitute a material modification to the Agreement within the meaning of this paragraph.

   10.3    Continuing Jurisdiction of the Court. The Parties agree that, after entry of Judgment, the Court will retain jurisdiction over the Parties, Action, and the Settlement solely for purposes of (i) enforcing this Agreement and/or Judgment, (ii) addressing settlement administration matters, and (iii) addressing such post-Judgment matters as are permitted by law.

   10.4    Waiver of Right to Appeal. Provided the Judgment is consistent with the terms and conditions of this Agreement, specifically including the Class Counsel Fees Payment and Class Counsel Litigation Expenses Payment reflected set forth in this Settlement, the Parties, their respective counsel, and all Participating Class Members who did not object to the Settlement as provided in this Agreement, waive all rights to appeal from the Judgment, including all rights to post-judgment and appellate proceedings, the right to file motions to vacate judgment, motions for new trial, extraordinary writs, and appeals. The waiver of appeal does not include any waiver of the right to oppose such motions, writs or appeals.  If an objector appeals the Judgment, the Parties' obligations to perform under this Agreement will be suspended until such time as the appeal is finally resolved and the Judgment becomes final, except as to matters that do not affect the amount of the Net Settlement Amount.

14

10.5    Appellate Court Orders to Vacate, Reverse, or Materially Modify Judgment.  If the reviewing Court vacates, reverses, or modifies the Judgment in a manner that requires a material modification of this Agreement (including, but not limited to, the scope of release to be granted by Class Members), this Agreement shall be null and void. The Parties shall nevertheless expeditiously work together in good faith to attempt to reach an agreement addressing the appellate court's concerns and to obtain Final Approval and entry of Judgment, sharing, on a 50-50 basis, any additional Administration Expenses reasonably incurred after remittitur. An appellate decision to vacate, reverse, or modify the Court's award of the Class Representative Service Payment or any payments to Class Counsel shall not constitute a material modification of the Judgment within the meaning of this paragraph,as long as the Gross Settlement Amount remains unchanged.

11.   **AMENDED JUDGMENT.** If any amended judgment is required, the Parties will work together in good faith to jointly submit and aproposed amended judgment.

12.   **ADDITIONAL PROVISIONS.**

12.1    No Admission of Liability, Class Certification or Representative Manageability for Other Purposes. This Agreement represents a compromise and settlement of highly disputed claims. Nothing in this Agreement is intended or should be construed as an admission by Defendant that any of the allegations in the Operative Complaint have merit or that Defendant has any liability for any claims asserted; nor should it be intended or construed as an admission by Plaintiff that Defendant's defenses in the Action have merit. The Parties agree that class certification and representative treatment is for purposes of this Settlement only. If, for any reason the Court does not grant Preliminary Approval, Final Approval or enter Judgment, Defendant reserves the right to contest certification of any class for any reasons, and Defendant reserves all available defenses to the claims in the Action, and Plaintiff reserves the right to move for class certification on any grounds available and to contest Defendant's defenses.  The Settlement, this Agreement and Parties' willingness to settle the Action will have no bearing on, and will not be admissible in connection with, any litigation (except for proceedings to enforce or effectuate the Settlement and this Agreement).

12.2    Confidentiality Prior to Preliminary Approval. Plaintiff, Class Counsel, Defendant and Defense Counsel separately agree that, until the Motion for Preliminary Approval of Settlement is filed, they and each of them will not disclose, disseminate and/or publicize, or cause or permit another person to disclose, disseminate or publicize, any of the terms of the Agreement directly or indirectly, specifically or generally, to any person, corporation, association, government agency, or other entity except: (1) to the Parties' attorneys, accountants, or spouses, all of whom will be instructed to keep this Agreement confidential; (2) counsel in a related matter; (3) to the extent necessary to report income to appropriate taxing authorities; (4) in response to a court order or subpoena; or (5) in response to an inquiry or subpoena issued by a state or federal government agency. Each Party agrees to immediately notify each other Party of any judicial or agency order, inquiry, or subpoena seeking such information. Plaintiff, Class Counsel, Defendant and Defense Counsel separately agree not to, directly or indirectly, initiate any conversation or other communication, before the filing of the Motion for Preliminary Approval, any

with third party regarding this Agreement or the matters giving rise to this Agreement except to respond only that "the matter was resolved," or words to that effect. This paragraph does not restrict Class Counsel's communications with Class Members in accordance with Class Counsel's ethical obligations owed to Class Members.

12.3    No Solicitation. The Parties separately agree that they and their respective counsel and employees will not solicit any Class Member to opt out of or object to the Settlement, or appeal from the Judgment. Nothing in this paragraph shall be construed to restrict Class Counsel's ability to communicate with Class Members in accordance with Class Counsel's ethical obligations owed to Class Members.

12.4    Integrated Agreement.  Upon execution by all Parties and their counsel, this Agreement together with its attached exhibits shall constitute the entire agreement between the Parties relating to the Settlement, superseding any and all oral representations, warranties, covenants, or inducements made to or by any Party.

12.5    Attorney Authorization.  Class Counsel and Defense Counsel separately warrant and represent that they are authorized by Plaintiff and Defendant, respectively, to take all appropriate action required or permitted to be taken by such Parties pursuant to this Agreement to effectuate its terms, and to execute any other documents reasonably required to effectuate the terms of this Agreement including any amendments to this Agreement.

12.6    Cooperation. The Parties and their counsel will cooperate with each other and use their best efforts, in good faith, to implement the Settlement by, among other things, modifying the Settlement Agreement, submitting supplemental evidence and supplementing points and authorities as requested by the Court. In the event the Parties are unable to agree upon the form or content of any document necessary to implement the Settlement, or on any modification of the Agreement that may become necessary to implement the Settlement, the Parties will seek the assistance of a mediator and/or the Court for resolution.

12.7    No Prior Assignments. The Parties separately represent and warrant that they have not directly or indirectly assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any person or entity and portion of any liability, claim, demand, action, cause of action, or right released and discharged by the Party in this Settlement.

12.8    No Tax Advice.  Neither Plaintiff, Class Counsel, Defendant nor Defense Counsel are providing any advice regarding taxes or taxability, nor shall anything in this Settlement be relied upon as such within the meaning of United States Treasury Department Circular 230 (31 CFR Part 10, as amended) or otherwise.

12.9    Modification of Agreement.  This Agreement, and all parts of it, may be amended, modified, changed, or waived only by an express written instrument signed by all Parties or their representatives, and approved by the Court.

12.10    Agreement Binding on Successors.  This Agreement will be binding upon, and

inure to the benefit of, the successors of each of the Parties.

12.11    <u>Applicable Law</u>. All terms and conditions of this Agreement and its exhibits will be governed by and interpreted according to the internal laws of the state of California, without regard to conflict of law principles.

12.12    <u>Cooperation in Drafting</u>. The Parties have cooperated in the drafting and preparation of this Agreement. This Agreement will not be construed against any Party on the basis that the Party was the drafter or participated in the drafting.

12.13    <u>Confidentiality</u>. To the extent permitted by law, all agreements made, and orders entered during Action and in this Agreement relating to the confidentiality of information shall survive the execution of this Agreement.

12.14    <u>Use and Return of Class Data</u>. Information provided to Class Counsel, and all copies and summaries of the Class Data provided to Class Counsel by Defendant in connection with the mediation, other settlement negotiations, or in connection with the Settlement, may be used only with respect to this Settlement, and no other purpose, and may not be used in any way that violates any existing contractual agreement, statute, or rule of court. Not later than 90 days after the date when the Court discharges the Administrator's obligation to provide a Declaration confirming the final pay out of all Settlement funds, Plaintiff and Class Counsel shall destroy, all paper and electronic versions of Class Data received from Defendant unless, prior to the Court's discharge of the Administrator's obligation, Defendant makes a written request to Class Counsel for the return, rather than the destructions, of Class Data.

12.15    <u>Headings</u>. The descriptive heading of any section or paragraph of this Agreement is inserted for convenience of reference only and does not constitute a part of this Agreement.

12.16    <u>Calendar Days</u>. Unless otherwise noted, all reference to "days" in this Agreement shall be to calendar days. In the event any date or deadline set forth in this Agreement falls on a weekend or federal legal holiday, such date or deadline shall be on the first business day thereafter.

12.17    <u>Notice</u>. All notices, demands or other communications between the Parties in connection with this Agreement will be in writing and deemed to have been duly given as of the third business day after mailing by United States mail, or the day sent by email or messenger, addressed as follows:

To Plaintiff:

Justin F. Marquez
justin@wilshirelawfirm.com
Arsiné Grigoryan
agrigoryan@wilshirelawfirm.com
Dorota James

djames@wilshirelawfirm.com
WILSHIRE LAW FIRM PLC
3055 Wilshire Blvd., 12th Floor
Los Angeles, CA 90010
Telephone: (213) 784-3830
Facsimile: (213) 381-9989


To Defendant:
TruRoots, LLC
Joseph W. Ozmer, II
jozmer@kcozlaw.com
Nathan Chapman
nchapman@kcozlaw.com
Paul Sherman
psherman@kcozlaw.com
KABAT CHAPMAN & OZMER LLP
171 17th Street NW, Suite 1550
Atlanta, Georgia 30363
Direct: (404) 400-7320
Main:   (404) 400-7300


12.18    Execution in Counterparts. This Agreement may be executed in one or more
counterparts by facsimile, electronically (*i.e.*, DocuSign), or email which for purposes
ofthis Agreement shall be accepted as an original. All executed counterparts and each
of them will be deemed to be one and the same instrument if counsel for the Parties will
exchange between themselves signed counterparts. Any executed counterpart will be
admissible in evidence to prove the existence and contents of this Agreement.

12.19    Stay of Litigation. The Parties agree that upon the execution of this Agreement the
litigation shall be stayed, except to effectuate the terms of this Agreement.


Dated: _____ 12/6/2024 _____   _____
Jose Arellano
Plaintiff


Dated: _____ 12/06/2024 _____   _____
WILSHIRE LAW FIRM PLC
Justin F. Marquez
Arsiné Grigoryan
Dorota James
Attorneys for Plaintiffs


18

Dated: Dec 9, 2024

TRUROOTS, LLC
By: Adam Carr
Its: CEO

Dated: Dec. 11, 2024

KABAT CHAPMAN & OZMER, LLP
Nathan Chapman
Paul Sherman
Attorneys for Defendant

**COURT APPROVED NOTICE OF CLASS ACTION SETTLEMENT AND HEARING DATE FOR FINAL COURT APPROVAL**

*Jose Arellano v. The J.M. Smucker Company, et al.,* Case No. 2:23-cv-01540-WBS-DMC

***The United States District Court for the Eastern District of California authorized this Notice. Read it carefully!***
***It's not junk mail, spam, an advertisement, or solicitation by a lawyer. You are not being sued.***

**You may be eligible to receive money** from an employee class action lawsuit ("Action") against TruRoots, LLC ("Defendant" is used herein as a placeholder) for alleged wage and hour violations. The Action was filed by a former Defendant employee Jose Arellano ("Plaintiff") and seeks payment of back wages and other relief for a class of hourly employees ("Class Members") who worked for Defendant during the Class Period (October 31, 2018 to the date when notice to the Class is sent).

The proposed Settlement is a Class Settlement requiring Defendant to fund Individual Class Payments.

Based on Defendant's records, and the Parties' current assumptions, **your Individual Class Payment is estimated to be $_____ (less applicable withholdings)**. The actual amount you may receive likely will be different and will depend on a number of factors.

The above estimates are based on Defendant's records showing that **you worked _____ workweeks** during the Class Period. If you believe that you worked more workweeks during this period, you can submit a challenge by the deadline date. See Section 4 of this Notice.

The Court has already preliminarily approved the proposed Settlement and approved this Notice. The Court has not yet decided whether to grant final approval. Your legal rights are affected whether you act or not act. Read this Notice carefully. You will be deemed to have carefully read and understood it. At the Final Approval Hearing, the Court will decide whether to finally approve the Settlement and how much of the Settlement will be paid to Plaintiff and Plaintiff's attorneys ("Class Counsel"). The Court will also decide whether to enter a judgment that requires Defendant to make payments under the Settlement and, in exchange for such payments, requires Class Members and Aggrieved Employees to give up their rights to assert certain claims against Defendant.

If you worked for Defendant during the Class Period, you have two basic options under the Settlement:

(1) **Do Nothing**. You don't have to do anything to participate in the proposed Settlement and be eligible for an Individual Class Payment. As a Participating Class Member, though, you will give up your right to assert Class Period wage claims against Defendant.

(2) **Opt-Out of the Class Settlement**. You can exclude yourself from the Class Settlement (opt-out) by submitting the written Request for Exclusion or otherwise notifying the Administrator in writing. If you opt-out of the Settlement, you will not

20

receive an Individual Class Payment. You will, however, preserve your right to personally pursue Class Period wage claims against Defendant.

**Defendant will not retaliate against you for any actions you take with respect to the proposed Settlement.**

## SUMMARY OF YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT

| | |
|---|---|
| **You Don't Have to Do Anything to Participate in the Settlement** | If you do nothing, you will be a Participating Class Member, eligible for an Individual Class Payment. In exchange, you will give up your right to assert the wage claims against Defendant that are covered by this Settlement (Released Claims). |
| **You Can Opt-out of the Class Settlement**<br><br>**The Opt-out Deadline is ____** | If you don't want to fully participate in the proposed Settlement, you can opt-out of the Class Settlement by sending the Administrator a written Request for Exclusion. Once excluded, you will be a Non-Participating Class Member and no longer eligible for an Individual Class Payment. Non-Participating Class Members cannot object to any portion of the proposed Settlement. See Section 6 of this Notice. |
| **Participating Class Members Can Object to the Class Settlement**<br><br>**Written Objections Must be Submitted by** | All Class Members who do not opt-out ("Participating Class Members") can object to any aspect of the proposed Settlement. The Court's decision whether to finally approve the Settlement will include a determination of how much will be paid to Class Counsel and Plaintiff who pursued the Action on behalf of the Class. You are not personally responsible for any payments to Class Counsel or Plaintiff, but every dollar paid to Class Counsel and Plaintiff reduces the overall amount paid to Participating Class Members. You can object to the amounts requested by Class Counsel or Plaintiff if you think they are unreasonable. See Section **7** of this Notice. |
| **You Can Participate in the___ Final Approval Hearing** | The Court's Final Approval Hearing is scheduled to take place on _____. You don't have to attend but you do have the right to appear (or hire an attorney to appear on your behalf at your own cost). Participating Class Members can verbally object to the Settlement at the Final Approval Hearing.  See Section8 of this Notice. |
| **You Can Challenge the Calculation of Your Workweeks**<br><br>**Written Challenges Must be Submitted by** | The amount of your Individual Class Payment depends on how many workweeks you worked at least one day during the Class Period. The number Class Period Workweeks you worked according to Defendant's records is stated on the first page of this Notice.  If you disagree with this number, you must challenge it by _____.  See Section 4 of this Notice. |

Docusign Envelope ID: 5832A228-D926-4FF6-BB42-816E2DA87AF6

### 1. WHAT IS THE ACTION ABOUT?

Plaintiff is a former Defendant employee. The Action accuses Defendant and its predecessor of violating California labor laws by failing to pay overtime wages, minimum wages, wages due upon termination and reimbursable expenses and failing to provide meal periods, rest breaks and accurate itemized wage statements. Plaintiff is represented by attorneys in the Action: Justin F. Marquez, Arsiné Grigoryan and Dorota James of Wilshire Law Firm PLC. ("Class Counsel.")

Defendant strongly denies violating any laws or failing to pay any wages and contends it complied with all applicable laws.

### 2. WHAT DOES IT MEAN THAT THE ACTION HAS SETTLED?

So far, the Court has made no determination whether Defendant or Plaintiff is correct on the merits. In the meantime, Plaintiff and Defendant hired an experienced, neutral mediator in an effort to resolve the Action by negotiating to end the case by agreement (settle the case) rather than continuing the expensive and time-consuming process of litigation. The negotiations were successful. By signing a lengthy written settlement agreement ("Agreement") and agreeing to jointly ask the Court to enter a judgment ending the Action and enforcing the Agreement, Plaintiff and Defendant have negotiated a proposed Settlement that is subject to the Court's Final Approval. Both sides agree the proposed Settlement is a compromise of disputed claims. By agreeing to settle, Defendant does not admit any violations or concede the merit of any claims.

Plaintiff and Class Counsel strongly believe the Settlement is a good deal for you because they believe that: (1) Defendant has agreed to pay a fair, reasonable and adequate amount considering the strength of the claims and the risks and uncertainties of continued litigation; and (2) Settlement is in the best interests of the Class Members. The Court preliminarily approved the proposed Settlement as fair, reasonable and adequate, authorized this Notice, and scheduled a hearing to determine Final Approval.

### 3. WHAT ARE THE IMPORTANT TERMS OF THE PROPOSED SETTLEMENT?

1. Defendant Will Pay $350,000.00 as the Gross Settlement Amount (Gross Settlement). Defendant has agreed to deposit the Gross Settlement into an account controlled by the Administrator of the Settlement. The Administrator will use the Gross Settlement to pay the Individual Class Payments, Class Representative Service Payment, Class Counsel's attorney's fees and expenses, and the Administrator's expenses. Assuming the Court grants Final Approval, Defendant will fund the Gross Settlement not more than 14 days after the Judgment entered by the Court becomes final. The Judgment will be final on the date the Court enters Judgment, or a later date if Participating Class Members object to the proposed Settlement or the Judgment is appealed.

2. Court Approved Deductions from Gross Settlement. At the Final Approval Hearing, Plaintiff and/or Class Counsel will ask the Court to approve the following deductions from the Gross Settlement, the amounts of which will be decided by the Court at the

Final Approval Hearing:

    A. Up to $116,666.67 (33 1/3% of the Gross Settlement) to Class Counsel for attorneys' fees and up to $17,000.00 for their litigation expenses. To date, Class Counsel have worked and incurred expenses on the Action without payment.

    B. Up to $5,000.00 as a Class Representative Award for filing the Action, working with Class Counsel and representing the Class. A Class RepresentativeAward will be the only monies Plaintiff will receive other than Plaintiff's Individual Class Payment.

    C. Up to $7,000.00 to the Administrator for services administering the Settlement.

Participating Class Members have the right to object to any of these deductions. The Court will consider all objections.

3. <u>Net Settlement Distributed to Class Members</u>. After making the above deductions in amounts approved by the Court, the Administrator will distribute the rest of the Gross Settlement (the "Net Settlement") by making Individual Class Payments to Participating Class Members based on their Class Period Workweeks.

4. <u>Taxes Owed on Payments to Class Members.</u> Plaintiff and Defendant are asking the Court to approve an allocation of 20% of each Individual Class Payment to taxable wages ("Wage Portion") and 80% to interest and penalties ("Non-Wage Portion.). The Wage Portion is subject to withholdings and will be reported on IRS W-2 Forms. Defendant will separately pay the employer's portion of the payroll taxes it owes on the Wage Portion. The Administrator will report the Non-Wage Portions of the Individual Class Payments on IRS 1099 Forms.

Although Plaintiff and Defendant have agreed to these allocations, neither side is giving you any advice on whether your Payments are taxable or how much you might owe in taxes. You are responsible for paying all taxes (including penalties and interest on back taxes) on any Payments received from the proposed Settlement. You should consult a tax advisor if you have any questions about the tax consequences of the proposed Settlement.

5. <u>Need to Promptly Cash Payment Checks.</u>  The front of every check issued for Individual Class Payments will show the date when the check expires (the void date). If you don't cash it by the void date, your check will be automatically cancelled, and the monies will be deposited with the California Controller's Unclaimed Property Fund in your name. If the monies represented by your check are sent to the Controller's Unclaimed Property, you should consult the rules of the Fund for instructions on how to retrieve your money.

6. <u>Requests for Exclusion from the Class Settlement (Opt-Outs).</u> You will be treated as a Participating Class Member, participating fully in the Class Settlement, unless you notify the Administrator in writing, not later than _____, that you wish to opt-out. The

easiest way to notify the Administrator is to send a written and signed Request for Exclusion by the_____ Response Deadline. The Request for Exclusion should be a letter from a Class Member or his/her representative setting forth a Class Member's name, present address, telephone number, and a simple statement electing to be excluded from the Settlement. Excluded Class Members (i.e., Non-Participating Class Members) will not receive Individual Class Payments, but will preserve their rights to personally pursue wage and hour claims against Defendant.

7. <u>The Proposed Settlement Will be Void if the Court Denies Final Approval.</u> It is possible the Court will decline to grant Final Approval of the Settlement or decline enter a Judgment. It is also possible the Court will enter a Judgment that is reversed on appeal. Plaintiff and Defendant have agreed that, in either case, the Settlement will be void: Defendant will not pay any money and Class Members will not release any claims against Defendant.

8. <u>Administrator.</u> The Court has appointed a neutral company, _____ (the "Administrator") to send this Notice, calculate and make payments, and process Class Members' Requests for Exclusion. The Administrator will also decide Class Member Challenges over Workweeks, mail and re-mail settlement checks and tax forms, and perform other tasks necessary to administer the Settlement.
The Administrator's contact information is contained in Section 9 of this Notice.

9. <u>Participating Class Members' Release.</u> After the Judgment is final and Defendant has fully funded the Gross Settlement (and separately paid all employer payroll taxes), Participating Class Members will be legally barred from asserting any of the claims released under the Settlement. This means that unless you opted out by validly excluding yourself from the Class Settlement, you cannot sue, continue to sue, or be part of any other lawsuit against Defendant or related entities for wages based on the Class Period facts, as alleged in the Action and resolved by this Settlement.

The Participating Class Members will be bound by the following release:

All Participating Class Members, on behalf of themselves and their respective former and present representatives, agents, attorneys, heirs, administrators, successors, and assigns, release Released Parties from any and all claims asserted or that could have been asserted based on the facts pled in the operative complaints, including but not limited to, state wage and hour claims for any and all violations of California's Labor Code and Unfair Competition Law based on Defendant's failure to pay for all hours worked (including minimum, straight time, and overtime wages), failure to provide meal periods, failure to authorize and permit rest periods, failure to timely pay final wages at termination, failure to furnish accurate itemized wage statements, and failure to indemnify employees for expenditures based on the alleged Labor Code violations, and all damages, interest, penalties, attorneys' fees, costs, and other amounts recoverable under said causes of action under California law, to the extent permissible, including, but not limited to, the California Labor Code and the applicable Wage Orders. Except as set forth in Section 5.3 of this Agreement, Participating Class Members do not release any other claims, including claims for vested benefits, wrongful termination, violation of the Fair Employment and Housing

Docusign Envelope ID: 5832A228-D926-4FF6-BB42-816E2DA87AF6

Act, unemployment insurance, disability, social security, workers' compensation, or claims based on facts occurring outside the Class Period.

**4. HOW WILL THE ADMINISTRATOR CALCULATE MY PAYMENT?**

1. <u>Individual Class Payments.</u> The Administrator will calculate Individual Class Payments by (a) dividing the Net Settlement Amount by the total number of Workweeks worked by all Participating Class Members, and (b) multiplying the result by the number of Workweeks worked by each individual Participating Class Member.

2. <u>Workweek Challenges</u>. The number of Class Workweeks you worked during the Class Period, as recorded in Defendant's records, are stated in the first page of this Notice. You have until_____to challenge the number of Workweeks. You can submit your challenge by signing and sending a letter to the Administrator via mail, email or fax. Section 9 of this Notice has the Administrator's contact information.

   You need to support your challenge by sending copies of pay stubs or other records. The Administrator will accept Defendant's calculation of Workweeks based on Defendant's records as accurate unless you send copies of records containing contrary information. You should send copies rather than originals because the documents will not be returned to you. The Administrator will resolve Workweek challenges based on your submission and on input from Class Counsel (who will advocate on behalf of Participating Class Members) and Defendant's Counsel. The Administrator's decision is final. You can't appeal or otherwise challenge its final decision.

**5. HOW WILL I GET PAID?**

<u>Participating Class Members.</u>  The Administrator will send, by U.S. mail, a single check to every Participating Class Member (i.e., every Class Member who doesn't opt-out).

**Your check will be sent to the same address as this Notice. If you change your address, be sure to notify the Administrator as soon as possible. Section 9 of this Notice has the Administrator's contact information.**

**6. HOW DO I OPT-OUT OF THE CLASS SETTLEMENT?**

Submit a written and signed letter with your name, present address, telephone number, and a simple statement that you do not want to participate in the Settlement.  The Administrator will exclude you based on any writing communicating your request to be excluded. Be sure to personally sign your request, identify the Action as *Jose Arellano v. The J.M. Smucker Company, et al.,* Case No. 2:23-cv-01540-WBS-DMC, and include your identifying information (full name, address, telephone number, approximate dates of employment, and social security number for verification purposes). You must make the request yourself. If someone else makes the request for you, it will not be valid. **The Administrator must be sent your request to be excluded by, or it will be invalid.**  Section 9 of the Notice has the Administrator's contact information.

**7. HOW DO I OBJECT TO THE SETTLEMENT?**

25

Only Participating Class Members have the right to object to the Settlement. Before deciding whether to object, you may wish to see what Plaintiff and Defendant are asking the Court to approve. At least____days before the_____Final Approval Hearing, Class Counsel and/or Plaintiff will file in Court (1) a Motion for Final Approval that includes, among other things, the reasons why the proposed Settlement is fair, and (2) a Motion for Fees, Litigation Expenses and Service Award stating (i) the amount Class Counsel is requesting for attorneys' fees and litigation expenses; and (ii) the amount Plaintiff is requesting as a Class Representative Service Award. Upon reasonable request, Class Counsel (whose contact information is in Section 9 of this Notice) will send you copies of these documents at no cost to you. You can also view them on the Administrator's Website ____(url)___ or the Court's website (url)___.

A Participating Class Member who disagrees with any aspect of the Agreement, the Motion for Final Approval and/or Motion for Fees, Litigation Expenses and Service Award may wishto object, for example, that the proposed Settlement is unfair, or that the amounts requested by Class Counsel or Plaintiff are too high or too low. **The deadline for sending written objections to the Administrator is_____**. Be sure to tell the Administrator what you object to, why you object, and any facts that support your objection. Make sure you identify the Action *Jose Arellano v. The J.M. Smucker Company, et al.,* Case No. 2:23-cv-01540-WBS-DMC, and include your name, current address, telephone number, and approximate dates of employment for Defendant and sign the objection. Section 9 of this Notice has the Administrator's contact information.

Alternatively, a Participating Class Member can object (or personally retain a lawyer to object at your own cost) by attending the Final Approval Hearing. You (or your attorney)should be ready to tell the Court what you object to, why you object, and any facts that support your objection. See Section 8 of this Notice (immediately below) for specifics regarding the Final Approval Hearing.

## 8. CAN I ATTEND THE FINAL APPROVAL HEARING?

You can, but don't have to, attend the Final Approval Hearing on _____ at (time) in the United States District Court, Eastern District of California, located at 501 I Street #4200, Sacramento, California 95814. At the Hearing, the judge will decide whether to grant Final Approval of the Settlement and how much of the Gross Settlement will be paid to Class Counsel, Plaintiff, and the Administrator. The Court will invite comment from objectors, Class Counsel and Defense Counsel before making a decision. You can attend (or hire a lawyer to attend). Check the Court'swebsite for the most current information.

It's possible the Court will reschedule the Final Approval Hearing. You should check the Administrator's website____beforehand or contact Class Counsel toverify the date and time of the Final Approval Hearing.

## 9. HOW CAN I GET MORE INFORMATION?

The Agreement sets forth everything Defendant and Plaintiff have promised to do under the proposed Settlement. The easiest way to read the Agreement, the Judgment or any other Settlement documents is to go to_____'s website at__.You can also telephone or send an email to Class Counsel or the Administrator using the contact information listed below. You can

also make an appointment to personally review court documents in the Clerk's Office at the Eastern District of California's Sacramento Division by calling (916) 930-4000.

**DO NOT TELEPHONE THE SUPERIOR COURT TO OBTAIN INFORMATION ABOUT THE SETTLEMENT.**

Class Counsel: Justin F. Marquez
justin@wilshirelawfirm.com
Arsiné Grigoryan
agrigoryan@wilshirelawfirm.com
Dorota James
djames@wilshirelawfirm.com
WILSHIRE LAW FIRM PLC
3055 Wilshire Blvd., 12th Floor
Los Angeles, CA 90010
Telephone: (213) 784-3830
Facsimile: (213) 381-9989

Settlement Administrator:
Name of Company:
Email Address:
Mailing Address:
Telephone:
Fax Number:

### 10. WHAT IF I LOSE MY SETTLEMENT CHECK?

If you lose or misplace your settlement check before cashing it, the Administrator will replace it as long as you request a replacement before the void date on the face of the original check. If your check is already void you should consult the Unclaimed Property Fund_____for instructions on how to retrieve the funds.

### 11. WHAT IF I CHANGE MY ADDRESS?

To receive your check, you should immediately notify the Administrator if you move or otherwise change your mailing address.